## CHARLES J. HOLCOMB AND WIFE v. TOWN OF DANBY.*

*Evidence. Question for Jury. Sufficiency of Notice of Injury on Highway. Sts. 1870, No. 49. Travelling on Sunday. Gen. Sts c. 93, s. 3.*

In case for injury on a highway, there was no controversy as to the place where the injury was received, nor as to prominent objects surrounding it, but the court submitted to the jury the question of the sufficiency of the notice in designating the place. *Held*, that as the facts in regard to the place were thus virtually conceded, the sufficiency of the notice in that respect was matter of law, and not for the jury.

In submitting that question to the jury, the court said that it was necessary to point out the place, not with all possible, but with reasonable, particularity — "to describe the place with as much particularity and minuteness as a person of common business capacity, in the exercise of such care and prudence as such persons generally use in their own affairs, would ordinarily use to inform another person of like capacity of the place where the accident happened." *Held*, erroneous, for that it left out of view the duty of the person injured to give, and the right of the other party to require, a notice of *the place* by which the party notified might readily find the place designated.

The notice was, that while the plaintiff was travelling in the "highway leading from Danby 4-corners to Tinmouth," she was thrown from a wagon "by the insufficiency and want of repair of said highway near by the house of H. S. Herrick in Danby," and greatly injured. It appeared that the injury was received at a place about twelve rods south of the house mentioned in the notice, and that it was claimed to have been caused by a log there placed across the highway, which was the only log, and constituted the only insufficiency, in the highway in that vicinity ; that there

*Decided at the January Term, 1878.

Holcomb and Wife *v.* Danby.

was an orchard on one side of the highway at that point, a fence between adjoining farms about ten feet to the south, and a small bridge across the highway three or four rods distant, and that the plaintiff was not familiar with the locality. *Held*, that the notice did not designate the *place where* with that reasonable particularity that the law required.

The injury in question was received while the plaintiff was travelling on Sunday. The question was, whether her travelling was justified by necessity or charity, within the meaning of s. 3. c. 93, Gen. Sts. *Held*, that the circumstances of the case, *q. v.*, disclosed neither necessity nor charity, and did not bring the case within the statute.

CASE for injury upon a highway. Plea, the general issue, and trial by jury, March Term, 1877, WHEELER, J., presiding.

It appeared that the alleged injury, which was an injury to the plaintiff wife, was received on Sunday, May 24, 1874; and that a written notice thereof was delivered to one of the defendant's selectmen on June 5, following. The notice, as far as it related to the place where the injury was received, was as follows:

This is to notify the selectmen . . . that while my wife Charlotte A. Holcomb was travelling in the public highway, leading from Danby 4-corners to Tinmouth, by the insufficiency and want of repair of said highway near by the house of H. S. Herrick in Danby was thrown from a wagon in which she was riding and greatly injured . . . for all of which, &c.

It appeared that the injury was received at a place in the highway about twelve rods south of the house mentioned in the notice, and that it was claimed to have been caused by a log there placed across the highway, which was the only log, and constituted the only insufficiency, in the highway in that vicinity; that there was an orchard on one side of the highway at that point, a fence between adjoining farms on the west side of the highway, about ten feet south of the place of injury, and a small bridge across the highway three or four rods distant; and that the wife was not familiar with that locality, was seriously injured, and never went there afterwards. It also appeared that the defendant's selectmen found the place where the accident happened, on inquiring of said Herrick, but they testified that they could not have found it by the notice alone. The defendant thereupon objected, and asked the court to rule, that the notice was insufficient, for that it did not sufficiently designate the place where the injury was received;

but the court admitted the notice to be read in evidence, and submitted the question of its sufficiency to the jury; to which the defendant excepted.

It appeared further that some months prior to the injury complained of the plaintiff husband sold his farm in Weston, where he was then living, and went with two of his children to Whitehall, N. Y., where he began work, and provided a place to live, leaving his wife and other two children to visit her brothers and other relatives in Rupert, Danby, and Wallingford, and finally to meet him, on Monday, May 25th, at East Wallingford, and go thence with him, their children and effects, to Whitehall; that while so visiting, the wife depended on her relatives to carry her from place to place, and had no other means of going; that about three weeks before the accident, while visiting her brother George in Danby, she made an arrangement with him to be taken by him to Wallingford on the 24th, he suggesting that he could carry her then, but could not afford the time to take her on a week-day; and that she then went to visit another brother and did not return to her brother George's until the 23d. It also appeared that on the morning of the 24th, the day of the accident, said George, who was a teamster and a jobber about town at ploughing and the like, started with his team to carry the plaintiff wife and her children to East Wallingford, to carry his own family to visit his brother in Wallingford, and at the same time to carry home a girl who had been at work for him, whose term of service had expired, and who wanted to go home on that day; that in order to carry the girl home he had to go by a poorer, longer, and more hilly road; and that while they were on that road, and before they had reached the girl's home, the injury in question was received. It also appeared that it had been rainy the week before the 24th, so that the said George had had no work to do that he could do, and that his work was usually in short jobs of a part of a day, or a day or two.

The defendant claimed that on that evidence the plaintiff was not entitled to recover, as it was not shown that there was any necessity or charity to justify the travelling on that Sabbath, and that that was a question for the court; but the court ruled other-

wise, and submitted the question of necessity to the jury; to which the defendant excepted.

As to the sufficiency of the notice, the court charged that it was the duty of one of the plaintiffs to give the defendant's selectmen notice in writing of the place where the injury was received; that it was not necessary to point out the place with all possible particularity, but that it was necessary to do it with reasonable particularity—to describe the place with as much particularity and minuteness as a person of common business capacity, in the exercise of such care and prudence as such persons generally use in their own affairs, would ordinarily use to inform another person of like capacity, of the place where the accident happened; and as to the travelling on Sunday, the court charged as follows:

If, in view of the sanctity of the Sabbath and the obligation to observe it on the one hand, and of her desire to go, and of the urgency of her going to East Wallingford that day, and of the willingness and convenience of her brother to take her there on that day, and of her opportunities and want of opportunity to go on any week day, and of the desire and convenience of her brother to go that way to carry the hired girl, it was, in a moral point of view necessary and fit and proper for her to be on her journey there, as she was, at the time of the injury, the plaintiff would not be prevented from recovery because she was travelling on Sunday; but if it was not morally necessary, fit and proper for her to do so, the plaintiff would be prevented, and the verdict should be for the defendant.

To those portions of the charge, the defendant excepted. Verdict for the plaintiffs, with a special finding that the notice sufficiently designated the place where the injury was received.

*W. G. Veazey* and *W. H. Smith*, for the defendant.

The question of the sufficiency of the notice should not have been submitted to the jury. *Law* v. *Fairfield*, 46 Vt. 425; *Underhill* v. *Washington*, 46 Vt. 767; *Babcock* v. *Guilford*, 47 Vt. 519; *Reed* v. *Calais*, 48 Vt. 7; *Bean* v. *Concord*, 48 Vt. 30.

The notice was insufficient. *Reed* v. *Calais*, *Law* v. *Fairfield*, *Babcock* v. *Guilford*, *supra;* *Ranney* v. *Sheffield*, 49 Vt. 191. The charge as to the notice was erroneous. The proper question

for the jury, if any, was whether the place was pointed out as specifically as practicable under all the circumstances, so that the selectmen could find it from the notice, and so that locality could not be changed.

The plaintiffs are precluded from recovering by reason of having been travelling on the Sabbath when the injury was received. The case shows neither necessity nor charity. That day was selected, not from necessity, but for convenience. There was no charity. Charity has reference to another. The travelling allowed by the statute on account of charity has no reference to one's own desire, convenience or benefit, but reference wholly to ministry to others. Gen. Sts. c. 93, s. 3; Gen. Sts. Mass. c. 84; *Doyle* v. *Lynn & Boston Railroad Co.* 118 Mass. 195; *Commonwealth* v. *Sampson,* 97 Mass. 407; *Commonwealth* v. *Josselyn,* 97 Mass. 411; *McClary* v. *Lowell,* 44 Vt. 116; *Jones* v. *Andover,* 10 Allen, 18; *Stanton* v. *Railroad Co.* 10 Met. 363; *McGrath* v. *Merwin,* 112 Mass. 467; *Smith* v. *Boston & Maine Railroad,* 120 Mass. 490; *Connolly* v. *Boston,* 117 Mass. 64; *Gorman* v. *Lowell,* 117 Mass. 65. And unless the travelling on that route was from necessity or charity, the plaintiffs cannot recover. *Johnson* v. *Irasburgh,* 47 Vt. 28; *McClary* v. *Lowell, supra.*

*Prout & Walker,* for the plaintiffs.

Whether the wife was travelling from necessity within the meaning of the statute, was, under the circumstances, a question of fact for the jury. 11 Conn. 455.

Her travelling was not a violation of the statute. *Commonwealth* v. *Knox,* 6 Mass. 76; *Flagg* v. *Miller,* 4 Cush. 243; *Whitcomb* v. *Gilman,* 35 Vt. 297; *Pearce* v. *Atwood,* 13 Mass. 354; *McClary* v. *Lowell,* 4 Vt. 116.

At all events, as the evidence showing the circumstances under which the journey was made was received without objection, the finding of the jury is conclusive, if the evidence had any tendency to show that the journey was proper and necessary.

As to the notice, the rule of the court is the sensible one. The notice having been determined to be reasonably definite by the tribunal that decides questions of fact, the decision is not review-

able.    Besides, the notice was in fact sufficient.    *Ranney* v. *Sheffield*, 49 Vt. 191, and cases there cited.

The opinion of the court was delivered by

PIERPOINT, C. J.    This action is brought to recover for an injury sustained in consequence of the insufficiency of a highway in the town of Danby.    The first questions presented relate to the notice given by the plaintiffs to the town of the injury and of the place where it occurred.    It is claimed on the part of the defendant that the court below erred in submitting the question as to the sufficiency of the notice to the jury.    The case shows that there was no controversy or dispute upon the trial as to the place of the injury, or as to the prominent surrounding objects, or any of the facts bearing upon the question.    This being so, the facts stated in the exceptions as appearing, may, for all practical purposes, be regarded as conceded.    The question then is one for the court, whether upon the undisputed or conceded facts, the notice was sufficient as a matter of law.    In submitting that question to the jury, under the circumstances of this case, we think the County Court erred.

We think the court was also wrong in the manner of submitting the question to the jury, even if it had been a case proper for their consideration.    The court told the jury that " it was not necessary to point out the place with all possible particularity, but that it was necessary to do it with reasonable particularity."    Thus far the charge does not appear to be objectionable ; but the court then proceeded to tell the jury what was meant by that reasonable particularity, thus, " to describe the place with as much particularity and minuteness as a person of common business capacity, in the exercise of such care and prudence as such persons generally use in their own affairs, would ordinarily use to inform another person of like capacity, of the place where the accident happened."    This leaves out of sight the fact that the party is legally bound to give notice of the *place* where the accident happened, that the party to whom the notice is given has an interest and an object in knowing the place, that he has a legal right to the information, and that the object of the notice is, to

enable the party to whom it is given, readily to find the place. The charge as given would lead the jury to understand that all the notice that the law required, was such notice as a man of ordinary business capacity would ordinarily give to one of his neighbors or friends as to the place where he had sustained an injury upon the highway, such neighbor or friend having no particular interest in the subject, especially as to the precise place, or an intention to attempt to find it. This, we think, is quite too loose and indefinite a rule to be applied in a case like the present.

But although the County Court erred as above stated, it does not necessarily follow that the judgment should be reversed ; for if the jury decided the question correctly, and just as the court ought to have decided it, the defendant has sustained no injury, either by the fact or the manner of its submission to them. Hence, it becomes necessary for us to determine whether or not the notice given, taken in connection with the undisputed facts in the case, was sufficiently definite and explicit as to the place where the accident happened, to meet the requirement of the statute. The statute of 1870, No. 49, which was in force at the time of this injury, provides that no action shall be had or maintained in any court against any town for injuries received or damage sustained through the insufficiency of any highway or bridge, " unless notice shall have first been given in writing to one or more of the selectmen, . . '. stating the time when and the place where such injury was received." The notice in this case describes the place where the accident occurred, as being " in the highway leading from Danby 4-corners to Tinmouth," and " near by the house of H. S. Herrick." The term, near, is a relative one, and, when applied to a place in a highway in a town, is a very indefinite one. It may mean ten rods, twenty rods, or fifty rods. The direction from Herrick's house is not given, thereby doubling the uncertainty. The case shows that there were prominent objects in the immediate vicinity of the place that might easily have been referred to. The object that it was claimed caused the accident was a conspicuous one, and there was no other of a like character in that vicinity. In view of the terms of this notice and the facts stated, and also in view of the repeated decisions of this court

Holcomb and Wife *v*. Danby.

upon this question that have been referred to in the argument and need not be again referred to here, we think that the notice in this case did not indicate the place of the accident with that reasonable particularity that the law requires, and that it was insufficient to lay the foundation for a recovery in this case, and that the County Court should have so decided.

It is also claimed on the part of the defendant that the plaintiff cannot recover in this case because when the accident occurred she was travelling upon the Sabbath day, in violation of the statute which prohibits it except from necessity or charity ; and requested the court to rule as a matter of law that upon the undisputed facts no such necessity existed as would justify the plaintiff in travelling on the Sabbath day. This we think the court should have done. It has been repeatedly held in this State, that if a party sustain an injury by reason of an insufficiency in the highway while such party is travelling in violation of the statute, he cannot recover of the town for such injury. The facts in this case not only fail to show a necessity for the plaintiff's travelling on the Sabbath, but show affirmatively that there was no such necessity existing. The only reason why the plaintiff's journey was undertaken on the Sabbath was, because she and her brother had arranged to do so some weeks before, and this day was fixed in that arrangement, so that her brother could have all the week days to do other work in ; and no other reason is assigned for this voluntary violation of the statute. This did not constitute either a legal or moral necessity. To hold that it did, would wholly abrogate the statute.

*Judgment reversed, and judgment for the defendant.*