MARIA L. PLATZ, Respondent, *v.* THE CITY OF COHOES, Appellant.

Where, through culpable omission of duty upon the part of the municipal corporation, a city street has become obstructed, and in consequence a traveler upon the street is injured, it is no defense to an action against

the municipality to recover damages that the accident happened upon Sunday, and that the person injured was, in traveling on that day, violating the statute relating to the " observance of Sunday." (1 R. S. 676, § 70.)

The courts may not add to the penalty imposed by that statute a a forfeiture of the right to indemnity for an injury resulting from defendant's negligence, and the violation of the statute cannot be regarded as the immediate cause of the injury.

*Johnson* v. *Town of Irasburgh* (47 Vt. 28 [19 Am. Rep. 111]), *Holcomb* v. *Town of Danby* (51 Vt. 428), *Bosworth* v. *Swansey* (10 Metc. 363), *Jones* v. *Andover* (10 Allen, 18), disapproved.

(Argued April 19, 1882 ; decided May 30, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made January 25, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The material facts are stated in the opinion.

*G. L. Stedman* for appellant. The court erred in refusing to nonsuit, upon the ground that the plaintiff met with this accident while violating the Sunday law. (3 R. S. [7th ed.] 1975 ; *Bosworth* v. *Swansey*, 10 Metc. 363 ; *Jones* v. *Andover*, 10 Allen, 18 ; *Johnson* v. *Town of Irasburgh*, 47 Vt. 28 ; *Holcomb* v. *Village of Danby*, 51 id. 428 ; *McClary* v. *Lowell*, 44 id. 116 ; *Sutton* v. *Wauwautosa*, 29 Wis. 21 ; *Merritt* v. *Earle*, 29 N. Y. 115, 120 ; *Carroll* v. *Staten Island R. R. Co.*, 58 id. 126, 133, 135, 137.)

*Rufus W. Peckham* for respondent. There was no error in refusing to charge that, if the plaintiff was riding in violation of the Sunday law, she could not recover. (*Carroll* v. *Railway Co.*, 58 N. Y. 126 ; *Merritt* v. *Earle*, 29 id. 115 ; *Etchberry* v. *Leville*, 2 Hilt. 40 ; *Wood* v. *Erie Railway Co.*, 72 N. Y. 196 ; *Winspear* v. *Ins. Co.*, L. R., 6 Q. B. Div. 42 ; *Lawrence* v. *Ins. Co.*, 7 id. 216 ; *Reynolds* v. *Ins. Co.*, 22 L. T. 820 ; 18 Weekly Rep. 1141 ; *Masterson* v. *R. R. Co.*, 84 N.

Y. 247, 254; *Baldwin* v. *Barney*, 12 R. I. 392; *Woodman*
v. *Hubbard*, 25 N. H. 67; *Sutton* v. *Town, etc.*, 29 Wis. 21;
*Mahoney* v. *Cook*, 26 Penn. St. 342; *Schmidt* v. *Humphrey*,
48 Iowa, 658; *S. C.*, 30 Am. Rep. 414, 417; *Railroad Co.*,
*etc.*, v. *Tow-boat Co.*, 23 How. [U. S.] 209; 20 Alb. L. J. 336;
14 Am. Law Reg. 547, 554.) Traveling on Sunday was not
unlawful by the common law. (*Batsford* v. *Every*, 44 Barb.
618, and note, 620.) The penalty given by the statute can
alone be enforced, and a further penalty of submission to
wrong without any power or legal right to successfully com-
plain cannot be added to the one provided by statute. (*People*
v. *Hislop*, 77 N. Y. 331.)

DANFORTH, J. The defendant made an excavation in one of
its public streets, and neither removing or leveling the earth
taken therefrom, left it in the way. While the respondent was
riding with her husband, the carriage in which they were was,
without carelessness on the part of either, upset by the pile of
earth, and she was injured. That the street was defective
through the culpable omission of duty on the part of the de-
fendant is not denied, but the accident happened on Sunday,
and the learned counsel for the appellant claims that it owed
no duty to the plaintiff to keep its streets in repair on that day,
because it did not appear that she was then traveling "either
from necessity or charity," nor for any purpose permitted by
the law. It is plain, therefore, that she was violating the statute
relating to the "observance of Sunday" (1 R. S. 628, title 8,
chap. 20, art. 8, § 70), but we do not perceive how that fact
relieves the defendant.

It imposed an obligation upon the plaintiff to refrain from
traveling, and for its violation prescribed a forfeiture of one dol-
lar. It also declares that upon complaint made before a magis-
trate, and conviction had, that sum might be collected by distress
and sale of the goods and chattels of the offender, or if sufficient
could not be found, she might be "committed to the common
jail for not less than one or more than three days." The statute
goes no further, and we are aware of no principle upon which

it can be held that the right to maintain an action in respect of special damage resulting from the omission of a defendant to perform a public duty is taken away because the person injured was at the time disobeying a positive law. The courts are required to construe a penal statute strictly, and having before him, for judgment, an alleged violation of the Sunday law, Lord Mansfield said: "If the act of Parliament gives authority to levy but *one* penalty, there is an end of the question, for there is no penalty at common law." (*Crepps* v. *Durden*, 2 Cowper, 640.) This was a proceeding to enforce the statute, but in *Carroll* v. *Staten Island R. R. Co.* (58 N.Y. 126 ; 17 Am. Rep. 221), an action by a passenger against a carrier to recover damages for injuries received through its carelessness, this court held that the fact, "that the plaintiff was at the time of the injury traveling contrary to the statute," was no defense to the action. The policy of the statute and its limitations were then considered, and the court refused to add to the penalty imposed by it a forfeiture of the right to indemnity for an injury resulting from the defendant's negligence.

The Sunday law received a similar construction in *Phila., Wil. & Balt. R. R. Co.* v. *Phil. & Havre de Grace Steam Towboat Co.* (23 How. U. S. Sup. Ct. Rep. 209), the court holding that the offender, the plaintiff in the action, was liable to the fine or penalty imposed thereby, and nothing more, saying, "We do not feel justified, therefore, on any principles of justice, equity, or of public policy, in inflicting an additional penalty of $7,000, on the libelants, by way of set-off, because their servants may have been subject to a penalty of twenty-shillings each for breach of the statute." To the same effect is *Baldwin* v. *Barney* (12 R. I. 392 ; 34 Am. Rep. 670).

It may indeed be said that if the plaintiff had obeyed the law, remained at home, and not traveled, the accident would not have happened. That is not enough. The same obedience to the law would have saved the plaintiffs in the cases just cited. It must appear that the disobedience contributed to the accident, or that the statute created a right in the defendant, which it could enforce. But the object of the statute is the

promotion of public order, and not the advantage of individuals. The traveler is not declared to be a trespasser upon the street, nor was the defendant appointed to close it against her. In such an action the fault which prevents a recovery is one which directly contributes to the accident; as carelessness in driving, either a vicious or unmanageable horse, or at an improper rate of speed, or without observation of the road, or in an insufficient vehicle, or with a defective harness, or in a state of intoxication, or under some other condition of driver, horse or carriage, which may be seen to have brought about the injury.

It may doubtless be said that if the plaintiff had not traveled, she would not have been injured; and this will apply to nearly every case of collision or personal injury from the negligence or willful act of another. Had the injured party not been present he would not have been hurt. But the act of travel is not one which usually results in injury. It, therefore, cannot be regarded as the immediate cause of the accident, and of such only the law takes notice. At common law the act was not unlawful, and the plaintiff was still under its protection, and may resort to it against a wrong-doer by whose act she was injured. This has been held in many cases where the person injured was at the time doing an act prohibited by the city ordinance or general statute (*Steele* v. *Burkhardt*, 104 Mass. 59; *Welch* v. *Wesson*, 6 Gray, 505; *Norris* v. *Litchfield*, 35 N. H. 271), and even violating the law now in question, or one similar to it. *Carroll* v. *Staten Island Co.*, and *Phila., Wil. & Balt. R. R. Co.* v. *Phila. & Havre de Grace Towboat Co.* have already been referred to. (See, also, *Schmid* v. *Humphrey*, 48 Iowa, 652; 30 Am. Rep. 414.)

*Sutton* v. *The Town of Wauwatosa* (29 Wis. 21; 9 Am. Rep. 534) is in point, not only in its circumstances but in the relations of the parties. The plaintiff was driving his cattle to market on Sunday, and they were injured by the breaking down of a defective bridge which the defendant, through negligence, had failed properly to maintain. The Sunday statute was relied upon, but the town was held liable. In this State a municipal corporation is regarded as a legal entity, and re-

sponsible for its omission to perform corporate duties, to the same extent as a natural person would be under the same circumstances. (*Dillon on Municipal Corporations,* § 778; *Bailey* v. *The Mayor,* 3 Hill, 531.) The authorities, therefore, which deny to an individual through whose negligence another has been injured immunity from the consequences of his wrong, because the injured person was violating the law in question, apply here. Many of them are referred to in the cases named above and need not again be cited.

There are, as the counsel for the appellant contends, authorities the other way. Decisions by very eminent and learned courts. In Vermont. (*Johnson* v. *Town of Irasburgh,* 47 Vt. 28; 19 Am. Rep. 111; *Holcomb* v. *Town of Danby,* 51 Vt. 428.) In Massachusetts. (*Bosworth* v. *Swansey,* 10 Metc. 363; *Jones* v. *Andover,* 10 *Allen,* 18.) And immunity is also given by that court, under the same statute, to a railroad corporation through whose negligence the plaintiff was injured. (*Smith* v. *Boston and Maine R. R.,* 120 Mass. 490; 21 Am. Rep. 538.) But the decisions already made by us (*Merritt* v. *Earle,* 29 N. Y. 115; *Wood* v. *Erie Railway Co.,* 72 id. 196; 28 Am. Rep. 125; *Carroll* v. *Staten Island R. R. Co., supra*) are in the contrary direction, and are sustained, we think, by reasons of justice and public policy. In *Baldwin* v. *Barney* (*supra*) a question arising under the Sunday laws of Massachusetts came before the court in an action by one injured in that State, while traveling on Sunday, by the reckless driving of one also traveling. On the trial the plaintiff was nonsuited, but on appeal the Massachusetts cases are reviewed and disapproved, and after a very deliberate discussion of the decisions in that and other States the court held that the defendant could not show the illegality of the plaintiff's act as a defense, and the nonsuit was set aside. There will be seen great conflict in decided cases, but the weight of authority seems to favor the conclusion already reached by us. (Cooley on Torts, § 157; Wharton on Negligence, § 331.)

This result disposes of the appellant's objections, for they all rest on the assumption that as one could not lawfully travel on

Sunday, there was negligence either of the plaintiff or her husband, and if of the latter, that it was to be imputed to her. It is indeed suggested by the learned counsel for the appellant, that before the accident the husband "had been drinking," and "at the time of the accident was driving a fast horse recklessly." But if it is intended to present this view as ground for reversal it is not tenable, for neither at the close of the plaintiff's case, nor at the end of the testimony when a dismissal of the complaint was asked for, was this subject alluded to. I have, moreover, carefully examined the evidence referred to, and find none which would warrant the defense, or permit a jury to find upon the affirmative of such a proposition. The husband had indeed "drank beer," but the quantity is not stated, nor does it seem to have affected him. Asked by the defendant's counsel, "had you drank any beer on that day?" answers: "Yes, sir." "Who did you drink with?" answers, "Mr. Webber." And as for the rate of speed at which he was driving, he says: "at an ordinary slow jog, just off a walk." and we are referred to no evidence which shows the contrary.

It is not necessary to consider whether, if a different condition had been established, the negligence of the husband in those respects could have been imputed to the wife. The defense relied upon, was the Sunday law, and as it is not available, the judgment appealed from should be affirmed with costs.

All concur, except FINCH, J., taking no part, and TRACY, J., absent.