JACOB BIESIEGEL vs. THE TOWN OF SEYMOUR.

New Haven Co., June T., 1889.  ANDREWS, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

It is the duty of a town to use reasonable means to keep a highway in proper condition for travel at all times.  If a sluice is necessary for that purpose it is its duty to make it, and to keep it open when it is reasonably practicable to do so.  The mere fact that it is winter does not excuse the town from the performance of this duty.

The statute (Gen. Statutes, § 2673) provides that no action for any injury by means of a defective road shall be maintained against any town "unless written notice of such injury, and of the nature and cause thereof, and of the time and place of its occurrence" shall, within a time limited, be given to a selectman of the town.  A person claiming that his horse had been injured by reason of the defective condition of a highway in the town of Seymour, sent the following notice to the selectmen of the town :—" Notice is hereby given that on February 7th, 1888, at about eleven in the forenoon, on a public highway known as the Woodbridge road, extending between Ansonia and Woodbridge, past the reservoirs of the Ansonia Water Co., and at a place in said town of Seymour near the former residence of Lyman Clinton, by means of said road at said last named place being defective, out of repair, washed, gullied and rough, and of snow, ice and water thereon, Jacob Beisiegel of Woodbridge sustained injury and damage to a certain mare, then and there owned and driven by him, in which said mare was greatly bruised, cut, sprained and lamed in and upon the feet, legs, chest, shoulders, back, and other parts, and otherwise injured, and that the said Beisiegel claims damages therefor.  Derby, Feb. 18th, 1889.  Jacob Beisiegel."  Held that the notice was not sufficient, either as to the cause or nature of the injury, or as to the place.

The object of the notice required by the statute is to put the officers of the municipality charged with the duty of investigating the claim made upon it in possession of such facts as will enable them to perform the duty understandingly.

Appended to the notice was a statement signed by the plaintiff's attorney, to the effect that the plaintiff would point out the place of the injury and give other information on the subject, at any time, to parties authorized to investigate the matter.  Held that this statement could not supplement the regular notice and supply its defects.

[Argued June 7th—decided October 30th, 1889.]

ACTION for an injury to a horse from a defective condi-

tion of a highway in the defendant town by reason of a gully across the same filled with snow and ice; brought to the Court of Common Pleas in New Haven County and heard before *Deming, J.,* on the plaintiff's demurrer to the defendant's answer. The answer was held insufficient, the defendant declined to answer further, and the case was heard in damages. Facts found and damages assessed at sixty dollars, and appeal by the defendant. The case is fully stated in the opinion.

*H. Stoddard* and *C. J. Atwater,* for the appellant, cited—

1. As to the limited duty of the town in respect to snow and ice upon the road:—*Congdon* v. *City of Norwich,* 37 Conn., 414; *Burr* v. *Town of Plymouth,* 48 id., 460; *Seeley* v. *Town of Litchfield,* 49 id., 134; *Cloughessey* v. *City of Waterbury,* 51 id., 405.

2. As to the effect of the demurrer to the defendant's answer:—*Nolan* v. *N. York, N. Haven & Hartford R. R. Co.,* 53 Conn., 461; *Crogan* v. *Schiele,* id., 186.

3. As to the insufficiency of the notice:—Gen. Statutes, § 2673; *Hoyle* v. *Town of Putnam,* 46 Conn., 56; *Shaw* v. *City of Waterbury,* id., 263; *Tuttle* v. *Town of Winchester,* 50 id., 496; *Noonan* v. *Lawrence,* 130 Mass., 161; *Shea* v. *City of Lowell,* 132 id., 187; *Bailey* v. *Inhab. of Everett,* id., 442; *Cronin* v. *City of Boston,* 135 id., 110; *Dalton* v. *City of Salem,* 139 id., 91; *Reed* v. *Town of Calais,* 48 Verm., 7; *Purrington* v. *Town of Warren,* 49 id., 19; *Holcomb* v. *Town of Danby,* 51 id., 428.

*E. P. Arvine* and *H. G. Newton,* for the appellee, cited—

1. As to the duty of the town in respect to snow and ice on the highway:—*Congdon* v. *City of Norwich,* 37 Conn., 420; *Soudant* v. *Wadhams,* 46 id., 218; *Burr* v. *Town of Plymouth,* 48 id., 460.

2. As to the extent of the admission of the demurrer:—Rules under the Practice Act, ch. 4, sec. 4; *Crane* v. *Eastern Transportation Line,* 48 Conn., 361; *Crogan* v. *Schiele,* 53 id., 186, 208; *Brown* v. *Town of Southbury,* id., 212.

3. As to the sufficiency of the notice :—*Shaw* v. *City of Waterbury*, 46 Conn., 263 ; *Tuttle* v. *Town of Winchester*, 50 id., 496 ; *Cloughessey* v. *City of Waterbury*, 51 id., 405 ; *Brown* v. *Town of Southbury*, 53 id., 212.

BEARDSLEY, J. This is an action for damages for injuries to the plaintiff's horse upon a highway of the defendant town. The defendant answered as follows :—

" 1. The plaintiff is and for many years has been a resident of the town of Woodbridge in said county, and during the whole period of his residence in said Woodbridge has been accustomed to use the public highway known as the Woodbridge road, mentioned in the plaintiff's complaint, and running through the defendant town for a distance of about one half of a mile, for the purpose of passing to and fro between his house in said town of Woodbridge and the village of Ansonia, and by reason of such long continued use of said public highway has become and is well acquainted with the same, and in particular was, at the time of serving upon the defendant the paper hereinafter mentioned, well acquainted with the place where said highway is alleged in the plaintiff's complaint to have been defective, and by reference to various objects in and along said highway, such as trees, stones, breaks, etc., could have described the place of the injury alleged in the plaintiff's complaint with reasonable minuteness and accuracy.

" 2. Written notice of said alleged injury and the nature and cause thereof, and of the time and place of its occurrence, was not given to the selectmen of the defendant town within sixty days thereafter, otherwise than by a certain paper, which paper is in the words and figures following, to wit :—" To the town of Seymour and to either of the selectmen thereof. Notice is hereby given, that on the 7th day of February, 1888, at about eleven o'clock in the forenoon, in and upon a public highway generally known as the Woodbridge road, extending between Ansonia and Woodbridge, past the reservoirs of the Ansonia Water Company, and at a place in and upon said road in said town of Sey-

mour near the former residence of Lyman Clinton, by means
of said road at said last named place being defective, out of
repair, washed, gullied and rough, and of snow, ice and
water thereon, Jacob Beisiegel of Woodbridge sustained
injury and damage to a certain valuable mare, then and
there owned and driven by him, the said Beisiegel, in
which said mare was greatly bruised, cut, sprained and
lamed in and upon the feet, legs, chest, shoulders, back and
other parts, and otherwise injured, and that the said Jacob
Beisiegel claims damages therefor. Dated at Derby, this
18th day of February, 1888.    JACOB BEISIEGEL."

The plaintiff demurred to the answer, and the court sus-
tained. the demurrer.

The defendant made no further answer, and the court,
upon a hearing in damages, found the facts as follows :—

The plaintiff is the owner of a farm in the town of
Woodbridge, where he has resided for about thirty-five
years. Running from the village of Ansonia to the high-
way connecting New Haven with Seymour, is a highway
partly in the town of Seymour, and for the past ten years
the plaintiff has been in the habit of driving over this road
two or three times a week carrying farm produce to the
village.

On the morning of February 7th, 1888, the plaintiff was
driving along this highway with a load of produce, which
he was carrying from his farm in Woodbridge to the village
of Ansonia, and when at a place about a hundred and sixty
feet north of the residence of Lyman Clinton in the town of
Seymour, and about sixty feet south from a certain sluice
mentioned in the complaint, the left fore foot of the plaint-
iff's horse broke through the snow and ice which had accu-
mulated in the road. The fore foot and leg of the horse
entered the ice up to the knee, the horse was thrown forward,
cramping the leg and holding it in the ice, so that as the
hinder foot was carried forward it entered the same hole in
the ice, and while the fore foot was held by the ice the hind
foot came in contact with it, cutting the foot and laming
and injuring the horse to such an extent as to render it

unfit for use for the space of two months thereafter, and from which the horse had not fully recovered at the time of the trial of the cause.

The road is an ordinary country road through a sparsely settled region, over which there is a limited amount of travel. The country is rough and hilly, and for a considerable distance each way from the place where the accident occurred, is upon the side of a hill, the hill rising to the westward above the road for a distance of several hundred feet.

The drainage from this hill comes down to the road, under which the sluice has been constructed for the purpose of carrying off the surplus water, and through and by means of the sluice the drainage from the hill should have been carried across the road. At places along this hill-side the native rock comes to the surface, and in places the bed rock has been struck in working the road.

Near where the accident occurred and sixty feet south of the sluiceway a water-bar had been constructed across the road, and from this water-bar the water had set back, and by reason of the stoppage of the sluiceway had accumulated in the road for a distance of several hundred feet, and at the time of the accident this accumulation of water and snow had frozen into a smooth bed of ice. The day prior to the accident the snow had melted freely, and during the night the thermometer had fallen to near the zero point, forming a substantial crust of ice upon the surface.

The water-bar where the accident occurred was the ordinary and usual bar for turning water upon country roads, and there was no evidence and no claim that it was out of repair, nor that the surface of the road was out of repair, except as herein stated, and except that the sluiceway had been neglected and allowed to become stopped up, thus preventing the water from draining off from the road bed and causing it to set back and accumulate in the road.

Charles H. French had worked upon the road for the selectmen of the town of Seymour, but had not worked upon it for three or four years prior to the time of the acci-

dent, and there was no evidence that the sluice had been cleaned or any work done upon the road for at least three years prior to the time of the accident. The only written notice of the injury complained of, and of the nature and cause thereof, and of the time and place of its occurrence, given by the plaintiff to the selectmen of the town of Seymour, is the one recited in the defendant's answer; which notice was delivered to the selectmen of the town within fifteen days after the time of the accident. This notice was offered by the defendant and received in evidence by the court.

The defendant did not claim that the selectmen of the town were misled by the notice, or that they were unable to find the place of the accident. The place where the accident occurred was about two miles from the village of Ansonia.

The plaintiff offered evidence as to the amount of damages sustained, but offered no evidence as to the condition of the highway in question, claiming that the allegations in the complaint, except as to the amount of damages, were admitted by the failure of the defendant to deny and disprove them, and that these allegations must be accepted by the court as true unless denied by the defendant, or until some evidence was offered by the defendant to disprove them.

The defendant offered evidence to prove the location of the road upon the side of the hill, and that the country was sparsely settled, rough and rocky, but no evidence was offered by the defendant town showing that the road was in good condition, or that repairs had been made upon it, or that the allegations of the plaintiff's complaint were untrue; and no evidence was offered by either party except as indicated in this finding as to the condition of the road at the time of the accident, and no evidence was offered to sustain the allegations in the complaint except as herein indicated.

The defendant claimed that upon the facts proven there was no negligence on the part of the town, and that the

town under the circumstances proved was not liable for the injury to the horse, and that it was under no obligation, and no duty was imposed by law upon it, to prevent such accumulation of water and such freezing of ice.

The defendant town further claimed that the notice which was given by the plaintiff to the town was defective and insufficient, especially in that it omitted to give with reasonable and sufficient particularity either notice of the injury received or claimed to have been received, or of the nature or cause of the injury, or of the place of its occurrence.

But the court overruled the claims of the defendant, and found that the notice was sufficient to apprise the selectmen of the town of the place where the accident occurred, and of the nature and character of the injury sustained; that the water-bar caused the water to set back and fill the road-bed for a distance of several hundred feet, and by reason of the stoppage of the sluice had accumulated to a considerable depth and had frozen, thereby forming a smooth and dangerous surface; that Mr. Lounsbury, selectman and agent of the town, had been over the road four or five times a year, and that the selectmen knew the condition of the road; that the defendant town was negligent in allowing the sluice to become stopped up and the water to accumulate, and that the injury to the plaintiff's horse was because of its breaking through the ice while being driven by the plaintiff in the ordinary way and with proper care; and found that the horse had been injured to the amount of sixty dollars, and rendered judgment for the plaintiff to recover that sum.

The reasons of appeal are as follows:—

" 1. That the court erred in sustaining the demurrer to the answer.

" 2. That the court erred in holding and ruling both upon such demurrer and upon the trial of the cause on the hearing in damages, that the notice given by the plaintiff to the selectmen of the defendant town was a sufficient notice as to each of the following particulars:—1st. Of the na-

ture of the claimed injury. 2d. Of the cause of the claimed injury. 3d. Of the place of the claimed injury.

" 3. That the court erred in ruling that the defendant was liable upon the facts stated in the finding.

" 4. That the court erred in ruling that the facts established a duty unfulfilled on the defendant's part.

" 5. That the court erred in ruling that the defendant was negligent.

" 6. That the court erred in ruling that the injury was occasioned by the negligence of the defendant.

" 7. That the court erred in ruling that, there being no structural defect in the road-bed, and the water-bar being an ordinary and proper one and in proper shape, and there being a body of snow from twelve to eighteen inches in depth on the ground, the fact that an ice crust formed the night before the accident upon the surface of such melted snow and snow water constituted a defect for which the town was liable.

" 8. That the court erred in ruling that the defendant was obliged to build and keep free and unobstructed in the winter season a sluiceway to carry off the melted snow and snow-water.

" 9. That the court erred in ruling that the ordinary water-bar, in ordinary repair and condition, was not a proper method of disposing of such water from the melted snow under the circumstances detailed in the finding."

The judgment of the court below was based wholly upon the neglect of the defendant town to keep open the sluice, by the reason of the stoppage of which the water accumulated upon the highway; and becoming frozen over was the cause of the damage which the plaintiff sustained.

The defendant by its eighth and ninth reasons of appeal seems to claim as matter of law that it was not obliged to keep open in the winter a sluice to carry off the water from the road, but might rely wholly upon the water-bar for that purpose. But there is no such legal standard of the defendant's duty. What the law requires of the defendant is, to use *reasonable* means to keep the road in proper con-

dition for travel at all times. If a sluice is necessary for that purpose it is the duty of the town to make it. In the present case it was presumably necessary, as the town in the performance of its duty had built it, and it was its duty to keep it open when it was reasonably practicable to do so. The mere fact that it was winter did not excuse it from the performance of this duty.

Such being the duty of the town, the third, fourth, fifth, sixth and seventh reasons of appeal involve no legal questions, but relate simply to matters of fact.

A claim was made by the plaintiff in the argument, although it is not assigned as a reason of appeal, that the court below formed its judgment not upon facts proved, but by adopting as true the allegations in the complaint which the defendant did not attempt to disprove.

It appears by the finding that the plaintiff claimed that the court should do so, but it does not appear that the court ruled upon the claim.

The finding as to what evidence was offered upon the trial is confused and at first seems contradictory. It is found that no evidence was offered by the plaintiff or defendant as to the condition of the highway, but other parts of the finding show that this part of it relates to the condition of the surface of the road merely, and not to the water upon it, or the condition of the sluiceway, which were the only factors in the judgment of the court that the town was liable. The finding shows that the facts upon which the court formed its conclusions were subjects of evidence.

The other reasons of appeal present the question whether the notice which the plaintiff gave the town of the injury to his horse was sufficient. The defendant claims that it was insufficient upon its face, and also upon the facts found in relation to the cause and nature of the injury, and the place where it occurred.

The statute (Gen. Statutes, § 2673,) is as follows:—"Any person injured in person or property, by means of a defective road or bridge may recover damages, * * * but no action for any such injury shall be maintained against any

town * * * unless written notice of such injury and of the nature and cause thereof, and of the time and place of its occurrence, shall within sixty days thereafter, or if such defect consists of snow or ice, within fifteen days thereafter, be given to the selectmen of such town."

The notice given by the plaintiff of the injury for which he sues was set out in the defendant's answer and has been given in an earlier part of this opinion. Appended to the notice was a statement signed by the plaintiff's attorney, to the effect that the plaintiff would point out the place of the injury, and give information at any time to parties authorized to investigate the matter. This however is immaterial, as the statement could in nowise supplement the notice.

We think that the notice is too indefinite and inaccurate to entitle the plaintiff to maintain the action. The notice required to be given is not a matter of form merely. Its object is to put the officers of the municipality charged with the duty of investigating the claim made upon it in possession of such facts as will enable them to perform the duty understandingly. *Shaw* v. *City of Waterbury*, 46 Conn., 263. The notice in the present case does not contain a definite or intelligible statement of any distinct cause of the injury and is therefore defective on its face.

The only statement of the cause of the injury is that it occurred "by means of the road at the last named place being defective, out of repair, washed, gullied and rough, and of snow, ice and water thereon." Here is no statement of the particular cause of the injury. The language "by means of the highway being defective, and out of repair" is clearly insufficient, and the added words "washed, gullied," etc., are equally so. There is no statement of the proximate cause of the injury, or whether the mare slipped upon the ice or broke through it, or was injured in extricating herself from the snow and water upon the road. The notice does not describe the cause of the injury, but only suggests several different theories as to the mode in which it might have occurred. Besides, it appears from the finding that none of the causes specified in the notice had any agency in produc-

ing the injury except the ice. The notice was therefore for this reason unreliable.

Nor do we think the notice was such as to give accurate information as to the nature of the injuries. It seems to have been framed upon the theory that, like a common law declaration for tort, it would not be vitiated by exaggerated or fanciful statements of the injury, if there could be extracted from it any statement adapted to the fact. But there is no analogy between the two. The statute requires that the notice shall state the " nature of the injury." The obvious meaning of this requirement is that it shall contain a reasonable statement of the actual injury received, or in good faith believed to have been received at the time when it is given.

In the case of *Brown* v. *Town of Southbury*, 53 Conn., 212, the notice was—" said horse was injured in the left leg and knee joint, and otherwise bruised and injured," and the court held that it was sufficient. There was a distinct and complete statement of the local injury to the horse, and the words " and otherwise bruised and injured," which described no particular injury, might be disregarded.

In this case there is no statement of the injury which it is found that the mare received to her foot, except as it is involved in the general statement that " the mare was greatly bruised, cut, strained and lamed in and upon the feet, legs, chest, shoulders, back and other parts, and otherwise injured."

We think too that the place where the accident occurred is not sufficiently stated in the notice. There is a marked distinction between this case and the cases of *Tuttle* v. *Town of Winchester*, 50 Conn., 496, and *Brown* v. *Town of Southbury*, 53 Conn., 212, which are relied upon by the plaintiff's counsel. In *Brown* v. *Town of Southbury* the place was described in the notice as a " defective sluice across the highway at a point between the dwelling house of Elliot B. Bradley and the John Honahan place, so called." It was found that between these points and within twenty-five rods there were three sluice ways, only one of which

was defective. The defect was found to be a hole in the traveled track, about three feet and six inches wide and extending across the sluice way nearly the width of the carriage. The notice was held sufficient. The court say— "The defect was an obvious one. We think it is very clear that the selectmen had such notice of the place that they could not have been mislead." In the case of *Tuttle* v. *Winchester* the defect in the highway alleged in the notice was the want of a railing on the sides of it, and the place where the plaintiff was injured was described as being "past the old Gideon Hall place, and near the house of," etc. The notice was objected to as being insufficient on its face, and was held sufficient. The court in its opinion quotes with seeming approval the language of the court in the case of *Holcomb* v. *The Town of Danby*, 51 Verm., 428, that "the place must be described in the notice with reasonable certainty." Also the language of the court in the case of *Larkin* v. *City of Boston*, 128 Mass., 521, that "there can be no doubt that the legislature in requiring the party to be notified of the place, intended such notice of the locality as to enable the precise spot where the injury was received to be ascertained with substantial or reasonable certainty." That case was decided upon the ground that the nature of the alleged defect in the highway was such as reasonably to indicate, in connection with the notice, the place where it existed.

In the present case no reference is made in the notice to any visible object to mark the place where the accident happened, and it is apparent, especially in view of the finding of the court, that it would be of little or no use to one attempting to find it.

There is error in the judgment complained of.

In this opinion the other judges concurred.