## MARY LOESCHE
### vs.
## TOWN OF WEST HAVE N

Superior Court      New Haven County      File #48486

Present:   Hon. EDWIN C. DICKENSON, Judge.

Alexander Winnick,                Attorney for the Plaintiff.

Curtis K. Thompson,               Attorney for the Defendant.

**MEMORANDUM FILED NOVEMBER 4, 1935.**

DICKENSON, J.   The complaint, served within sixty days and so making notice unnecessary contains the allegations that the plaintiff while walking on the defendant's roadway which was defective fell into a ditch beside it, the proximate cause of the fall being the defective condition of the high-way.   What that defective condition was does not appear. The defendant demurs on the ground that there is no descrip-tion of the cause of the plaintiff's injury.   The plaintiff con-tends she has given a "general description" under the statute and if it is "insufficient by reason of inaccuracy" she still may show, under the statute, that the defendant was not mislead or that she had no intention of misleading it.

In **Nicholas vs. Bridgeport, 117 Conn., 398,** it is said, **(p. 401)** "the 'cause' of the injury which is required to be stated must be interpreted to mean the defect or defective condition of the highway that brought about the injury."

Attention is indeed called in that case to **Sizer vs. Water-bury, 113 Conn., 145** wherein **(p. 157)** another case is quoted from to the effect that "the intent of the change, (the amend-ment relating to a general description) was to emphasize the

generality and not the particularity of the description."

This referred to notice before suit and it is said of such notice that it is not a pleading and is not expected to have the "fullness and clearness" of one.

A notice such as that in the instant case would certainly have been insufficient before the amendment.

**Beisiegal vs. Seymour, 58 Conn., 43, 53.**

Even when it is remembered that the demurrer admits a defect at this location for all that appears there may have been a dozen defects of various characters, there may have been depressions or elevations or both and the defendant is still left to guess at the particular condition causing the fall.

The demurrer is sustained on the second ground.