Jasen, J.
(concurring). While I agree with the result reached by the majority, I write to express my view of the basis and the boundaries of the rule to be applied in this case.
To permit an action for injuries sustained as a consequence of the plaintiff’s own grievous criminal conduct — the construction of a “pipe bomb” — would contravene fundamental public policy of this State. It is a basic principle recognized by the courts throughout this country that no person shall be permitted to take advantage of his own *30 wrongdoing by predicating a legal or equitable claim upon his fraudulent, immoral or illegal conduct. (1 Am Jur 2d, Actions, §§ 51, 52; 1 CJS, Actions, § 13.) This principle, most frequently asserted as a defense against enforcement of illegal contracts (see, e.g., Spivak v Sachs, 16 NY2d 163; Stone v Freeman, 298 NY 268) or against recovery of insurance proceeds made payable by the criminal act of a beneficiary (see Riggs v Palmer, 115 NY 506; cf. Jacob v Prudential Ins. Co., 256 App Div 884, affd 281 NY 623) is applicable as well to actions arising in tort (74 Am Jur 2d, Torts, § 45; 86 CJS, Torts, § 50; 59 NY Jur, Torts, § 31) under the theory that no one should be rewarded for voluntary participation in a wrong or disobedience of the law. (See Prosser, Torts [4th ed], § 18; Restatement, Torts 2d, § 60.)
The mere commission of any offense, however, ought not to bar a plaintiff from seeking redress in the courts for any injury suffered while engaging therein. (Restatement, Torts 2d, § 889; cf. § 469.) This so-called “outlaw” doctrine of tort law — i.e., depriving a violator of the law of any rights against a tort-feasor — has long since been discarded by most, if not all, American jurisdictions (Prosser, Torts [4th ed], § 36; 2 Harper and James, Torts, § 17.6) and, indeed, was early rejected by this court (Carroll v Staten Is. R. R. Co., 58 NY 126; Platz v City of Cohoes, 89 NY 219; Rapee v Beacon Hotel Corp., 293 NY 196; see, generally, Davis, Plaintiff’s Illegal Act as a Defense in Actions of Tort, 18 Harv L Rev 505; Thayer, Public Wrong and Private Action, 27 Harv L Rev 317, 338-342; Note, 39 Harv L Rev 1088). Rather, an individual’s violation of a penal statute should preclude an action for injuries caused by a tort-feasor, only when his own criminal conduct was a contributing proximate cause (74 Am Jur 2d, Torts, § 46; 86 CJS, Torts, § 28; 59 NY Jur, Torts, § 31) and where that conduct can fairly be considered so egregious an offense that permitting recovery would be inimical to the public interest.
The requirement for a causal nexus between plaintiff’s injury and his own misconduct is well settled. (See Corbett v Scott, 243 NY 66; Martin v Herzog, 228 NY 164; Platz v City of Cohoes, supra; see, also, 74 Am Jur 2d, Torts, § 46; *31 86 CJS, Torts, § 28; Beggerly v Walker, 194 Kan 61; Gaines v Wolcott, 119 Ga App 313; Baskett v Banks, 186 Va 1022.) On the other hand, the requirement that the criminal conduct be particularly egregious has not so frequently or unambiguously been applied and indeed, until today, the requirement has not been unequivocally stated. Nevertheless, it is well supported in the past decisions of this court in which it has oft been repeated in both tort and contract cases. (See, e.g., Corbett v Scott, supra, at pp 69-70; Platz v City of Cohoes, supra, at pp 222-223; Carroll v Staten Is. R. R. Co., supra, at p 137; see, also, McConnell v Commonwealth Pictures Corp., 7 NY2d 465; Flegenheimer v Brogan, 284 NY 268; Tracy v Talmage, 14 NY 162; Fellner v Marino, 4 Misc 2d 16.)
This court early distinguished itself from other jurisdictions which held that the right to recovery in tort was defeated whenever the injury was sustained while the plaintiff was engaged in unlawful conduct, regardless of its nature. This court took the contrary view that plaintiff’s misconduct must have been sufficiently grievous to justify such a result and, consequently, plaintiffs in our courts have been entitled to a cause of action despite their misconduct when it was not of the kind that “usually results in injury” (Platz v City of Cohoes, supra, at p 223) or “not per se * * * dangerous” (Corbett v Scott, supra, at p 70) or not “a grave offence against the State” (Carroll v Staten Is. R. R. Co., supra, at p 137; see, also, Scurti v City of New York, 40 NY2d 433; Connolly v Knickerbocker Ice Co., 114 NY 104).
In deciding such cases, this court has consistently examined the plaintiff’s wrongdoing to determine “whether * * * recovery * * * should be denied for the sake of public interests” (Flegenheimer v Brogan, supra, at p 272) and has held that the aid of the courts should be barred only when plaintiff’s actions were “so far against the public good” — e.g., clearly inimical to the “ ‘health, welfare and safety of the people of the state’ ” (id., at p 273) or “gravely immoral and illegal” (McConnell v Commonwealth Pictures Corp., 7 NY2d, at p 471). This requirement is dictated by fundamental public policy that the courts of this State shall not honor claims founded on wrongdoing that is morally reprehensible, heinous, or gravely injurious to the public inter *32 ests (see id., at pp 469-471; Flegenheimer v Brogan, supra, at p 272; Tracy v Talmage, supra, at p 181; Jacob v Prudential Ins. Co., supra; Fellner v Marino, supra, at p 26). Clearly, considerations of public policy should bar an arsonist, rapist or one engaged in similarly reprehensible misconduct from bringing an action for injuries resulting from the victim’s or accomplice’s carelessness.
Indeed, these same principles of public policy were once elegantly expressed in another context by Justice Brandéis: “The door of a court is not barred because the plaintiff has committed a crime. The confirmed criminal is as much entitled to redress as his most virtuous fellow citizen; no record of crime, however long, makes one an outlaw. The court’s aid is denied only when he who seeks it has violated the law in connection with the very transaction as to which he seeks legal redress. Then aid is denied despite the defendant’s wrong. It is denied in order to maintain respect for law; in order to promote confidence in the administration of justice; in order to preserve the judicial process from contamination.” (Olmstead v United States, 277 US 438, 484 [Brandeis, J., dissenting]; see, also, Bowlan v Lunsford, 176 Okla 115, 117-118.) To these lines I would only add for emphasis that the plaintiff’s violation must be either gravely immoral or grievously injurious to the public interests.
Accordingly, because the plaintiff’s grievous criminal conduct — the construction of a “pipe bomb” — was a proximate cause of the injuries suffered and was so plainly violative of paramount public safety interests, the public policy of this State dictates that recovery be denied.