[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 10, 2000, the plaintiff, Patricia Hall, filed a single count complaint pursuant to the municipal defective highway statute, General Statutes § 13a-149, against the defendant, the city of New Haven, alleging the following facts: Ms. Hall slipped on a sidewalk in New Haven on December 27, 1999, and suffered physical injuries. The plaintiff filed notice, as required by the statute, with the clerk of the city of New Haven that an "irregularity in the surface" of the sidewalk caused her injuries on January 31 and February 1, 2000. (Complaint, appendix p. 1, 2.)
The defendant filed a motion to dismiss the plaintiffs complaint on October 2, 2000, on the ground that the notice was insufficient as a matter of law for failing to specifically describe the defect of the sidewalk. The plaintiff filed an objection to the motion and a supporting memorandum on October 17, 2000, arguing that the notice given to the city was legally sufficient under the statute. The court granted the motion to dismiss on March 9, 2001. The plaintiff filed the present motion to reargue on March 23, 2001. The defendant objected to the motion on April 3, 2001. The court granted the plaintiffs motion to reargue on May 17, 2001, and heard new argument on the motion to dismiss on June 25, 2001.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). Practice Book § 10-31
(a) provides: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
The plaintiffs complaint arises under General Statutes § 13a-149, which provides in relevant part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from CT Page 9608 the party bound to keep it in repair. . . . No action for such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation." It is not disputed that the plaintiff timely filed the notice.
"[T]he notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time [and date], and (e) the place thereof." (Internal quotation marks omitted.) Pratt v. Old Saybrook,225 Conn. 177, 180, 621 A.2d 1322 (1993). "[W]here a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case." Novicki v. New Haven,47 Conn. App. 734, 739, 709 A.2d 2 (1998). The plaintiff's notice must meet all the statutory requirements of 13a-149, otherwise the plaintiff lacks standing. See Martin v. Plainville, 240 Conn. 105, 109, 689 A.2d 1125
(1997). General Statutes § 13a-149 contains such a prerequisite, therefore the motion to dismiss is appropriate for the alleged insufficiency of the plaintiffs notice.
"Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. . . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Citation omitted; internal quotation marks omitted.) Bresnan v. Frankel,224 Conn. 23, 27-28, 615 A.2d 1040 (1992).
In the present case, the plaintiffs notice to the defendant states the following: "Ms. Hall fell on a defective area of the public sidewalk located on the north side of Whalley Avenue . . . outside a building with the address of 49 Whalley Avenue. . . . The defect consists of an irregularity in the surface of the sidewalk, causing her to trip." (Complaint, appendix, p. 1, 2.) The defendant argues that the notice is insufficient as a matter of law because the notice fails to adequately describe the nature of the defect that led to her injuries. The plaintiff replies that, because she describes the exact location where an "irregularity"in the surface of the sidewalk caused her injuries, the notice was legally sufficient under § 13a-149.
The plaintiff's notice was insufficient as a matter of law for failing CT Page 9609 to give an adequate description of the nature of the defect, or the cause of the injuries. In Beisiegel v. Seymour, 58 Conn. 43, 52-53, 19 A. 372 (1889), the court discussed the facts of that case to show why the description of the cause of the injury suffered by the plaintiffs prized mare was insufficient as a matter of law under the municipal highway defect statute. "The only statement of the cause of the injury is that it occurred "by means of the road being defective, out of repair, washed, gullied and rough, and of snow, ice and water thereon'. Here there is no statement of the particular cause of the injury. The language "by means of the highway being defective, and out of repair' is clearly insufficient, and the added words "washed, gullied,' etc., are equally so. There is no statement of the proximate cause of the injury, or whether the mare slipped upon the ice or broke through it, or was injured in extricating herself from the snow and water upon the road. The notice does not describe the cause of the injury, but only suggests several different theories as to the mode in which it might have occurred. . . . The notice was therefore for this reason unreliable." Id.
Like the plaintiff in Beisiegel, the only statement of the cause of the plaintiffs injuries here is that she fell on a defective sidewalk consisting of an "irregularity" in the surface of the sidewalk. There is no statement of the proximate cause of the injury, or whether the plaintiff slipped on some ice or snow, or the fall was due to a small crack in the sidewalk, or a gaping hole, or a significant change in elevation. The notice merely suggests several different theories as to how the plaintiff may have sustained her injuries. Therefore, the plaintiffs notice was insufficient as a matter of law due to its vagueness. See also Loesche v. West Haven, 3 Conn. Sup. 135 (1935) (notice not sufficient because roadway only described as "defective" without more elaboration).
Even if the plaintiffs notice to the defendant is defective, however, General Statutes § 13a-149 has a saving clause created to protect a plaintiff in situations where a plaintiff gave notice that was defective. The statute contains the following clause: "[n]o notice given under the provisions of[§ 13a-149] shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." General Statutes § 13a-149. "[T]his clause demonstrates that the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff."Pratt v. Old Saybrook, supra, 225 Conn. 183. "The savings clause applies only where the information provided in the notice is inaccurate, not where the information is entirely absent." (Emphasis in original.) Martinv. Plainville, supra, 240 Conn. 113. CT Page 9610
In the present case, the plaintiff did give a notice to the defendant within sixty days after the alleged injury occurred. (See Complaint, appendix, p. 1, 2.) The defendant does not argue that they were in fact misled by the inaccurate notice. The information contained in the notice that there was an "irregularity in the surface of the sidewalk, causing the plaintiff to trip" outside a specific address, while not completely accurate, does give enough information to allow the defendants to investigate further. See Greenberg v. Waterbury, 117 Conn. 67, 70,167 A. 83 (1933); see also Baskin v. New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 410802 (March 8, 2001,Devlin, J.). Therefore, the defendant's motion to dismiss is denied.
By the Court
 Howard F. Zoarski, Judge Trial Referee