TIMOTHY P. BRESNAN *v.* EMIL H. FRANKEL,
COMMISSIONER OF TRANSPORTATION
(14480)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

*(One justice dissenting)*

Argued September 24—decision released November 17, 1992

*Lucia M. Mercurio,* with whom, on the brief, was *Kerin M. Woods,* for the appellant (plaintiff).

*John L. Hayes,* for the appellee (defendant).

NORCOTT, J. The principal issue in this appeal is whether, in a negligence action against the commissioner of the department of transportation for injuries caused by an accident resulting from a defective highway, the plaintiff complied with the notice provisions of General Statutes § 13a-144.[1] The plaintiff, Timothy P. Bresnan, contests the validity of the trial court's dismissal of his complaint for failure to give the defendant, Emil H. Frankel, the commissioner of transportation, adequate notice of the location where the accident occurred. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We conclude that the notice provided to the commissioner was insufficient as a matter of law and affirm the judgment of the trial court.

The pleadings establish the following facts. On August 12, 1990, the plaintiff sustained injuries as a result of a one car accident on Route 14A in Plainfield. The plaintiff claimed that a flooded portion of the road-

---

[1] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."

way caused him to lose control of his vehicle and to strike a utility pole. Approximately two months after the accident, the plaintiff notified the commissioner of his intent to bring an action pursuant to § 13a-144. The amended notice of injury identified the location of the accident as "Route 14A, Plainfield, Connecticut."

The commissioner moved to dismiss the complaint on the ground that the plaintiff had not provided adequate notice under § 13a-144. The plaintiff claimed that he had complied with the notice requirements of § 13a-144 or, alternatively, that the question of the sufficiency of the notice should be determined by the jury. The trial court granted the commissioner's motion to dismiss concluding, as a matter of law, that the description of the location of the accident in the plaintiff's notice was inadequate to fulfill the statutory requirement.

On appeal, the plaintiff claims that the trial court improperly dismissed the plaintiff's complaint because: (1) the notice did not mislead the commissioner and the commissioner had actual notice from a third party source of the exact location of the flooding;[2] and (2) the issue of the sufficiency of the notice should have been left to the jury to decide. We disagree.

" 'It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain pre-

---

[2] The plaintiff also appears to argue that because his complaint stated with greater precision the actual location of the accident, the defect did not render his notice patently invalid. The plaintiff cannot avail himself of this argument. Although General Statutes § 13a-144 provides in part that "[t]he requirement of notice specified in this section shall be deemed complied with if an action is commenced, by a writ and complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice," the plaintiff's complaint was not filed within the ninety days provided under the statute. Therefore, the complaint cannot be considered for the purposes of meeting the notice requirement.

scribed cases' . . . ." *White* v. *Burns,* 213 Conn. 307, 312, 567 A.2d 1195 (1990). Section 13a-144 creates a legislative exception to this common law rule and therefore must be strictly construed. Id., 321; *Ozmun* v. *Burns,* 18 Conn. App. 677, 680, 559 A.2d 1143 (1989). The statutorily required notice is a condition precedent to maintaining a cause of action, and if this requirement is not met, no cause of action exists. *Warkentin* v. *Burns,* 223 Conn. 14, 18, 610 A.2d 1287 (1992); *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 371, 143 A.2d 454 (1958); *Rapid Motor Lines, Inc.* v. *Cox,* 134 Conn. 235, 237–38, 56 A.2d 519 (1947). The sufficiency of the notice is tested with reference to the purpose for which it is required. *Warkentin* v. *Burns,* supra. The purpose of the notice requirement is to furnish the commissioner with " 'such precise information as to time and place as will enable [the commissioner] to inquire into the facts of the case intelligently' "; *Schaap* v. *Meriden,* 139 Conn. 254, 256, 93 A.2d 152 (1952), quoting *Shaw* v. *Waterbury,* 46 Conn. 263, 266 (1878); and to protect the state's interests. *Warkentin* v. *Burns,* supra, 20.

The plaintiff claims that the notice of the location of the accident provided in the communication to the commissioner did not mislead the commissioner or prevent him from conducting an investigation of the accident. The notice identified the location of the accident simply as "Route 14A, Plainfield, Connecticut." This description narrowed the place of investigation to a highway approximately six miles in length. We conclude that such imprecise notice did not set forth the location with the specificity required to enable the commissioner to protect his interest, conduct inquiries and investigate the conditions at the location.[3] See *Moffett*

---

[3] We need not inquire whether the commissioner was *actually misled* by the failure of notice. We note that General Statutes § 13a-144 does not contain a savings clause such as that found in the municipal highway liability

v. *Burns,* Superior Court, judicial district of Litchfield, Docket No. 047435 (July 12, 1988, 3 C.S.C.R. 636), aff'd, 18 Conn. App. 821, 559 A.2d 1190, cert. denied, 212 Conn. 806, 561 A.2d 947 (1989) (notice describing location of accident as "Route 109, New Milford, Connecticut 06776" held inadequate).

The plaintiff further argues that even if the description "Route 14A, Plainfield" was insufficient, the commissioner had actual notice of the site of the accident because the Plainfield police had notified the department of transportation of the flooding several hours before the plaintiff's accident.[4] The plaintiff, however, cannot rely on that report of flooding to meet the notice requirement of § 13a-144. The statutory notice must be furnished *by* the injured parties, "either individually or through a representative," *to* the commissioner. *Warkentin* v. *Burns,* supra, 18; *Zotta* v. *Burns,* 8 Conn. App. 169, 174, 511 A.2d 373 (1986); *Moffett* v. *Burns,* supra. Information provided by third party sources to the commissioner, no matter how precise, cannot cure defects in the plaintiff's notice.

Finally, the plaintiff argues that the issue of the sufficiency of the notice under § 13a-144 presented a question of fact that should have been left to the jury to decide. "Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. *Morico*

---

statute, General Statutes § 13a-149, and therefore the notice requirement must be strictly construed. See *Morico* v. *Cox,* 134 Conn. 218, 220–21, 56 A.2d 522 (1947).

[4] The commissioner asserts that this court cannot consider the police report because it was not admitted into evidence before the trial court and therefore is not properly part of the record. As our disposition of this case explains, whether the police report was in evidence is irrelevant because the notice requirement of General Statutes § 13a-144 necessitates that the injured party or his representative notify the commissioner. See *Warkentin* v. *Burns,* 223 Conn. 14, 18–19, 610 A.2d 1287 (1992).

v. *Cox,* 134 Conn. 218, 223, 56 A.2d 522 (1947). Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Internal quotation marks omitted.) *Zotta* v. *Burns,* supra, 173. Without further detail, identification of the site of an accident as a six mile roadway is wholly inadequate to comply with the purpose of the statutory notice. Cf. *Schaap* v. *Meriden,* supra, 255–56; *Ozmun* v. *Burns,* supra, 679–80; *Moffett* v. *Burns,* supra. We conclude, therefore, that it would have been inappropriate to have the jury decide the sufficiency of the notice provided to the commissioner when the notice was inadequate as a matter of law.

The judgment is affirmed.

In this opinion PETERS, C. J., CALLAHAN and BORDEN Js., concurred.

BERDON, J., dissenting. I respectfully disagree with the majority. I would hold that the written notice, together with the actual notice furnished to the defendant commissioner by the Plainfield police as recorded in the police log, was sufficient to make the issue of notice a jury question. The commissioner at oral argument conceded that if a copy of the Plainfield police log that described the location of the flooding as being Route "14A by South Camp" was included with the plaintiff's notice instead of having been communicated directly to him by the Plainfield police, it would patently satisfy the statute. Indeed, the commissioner does not allege that he was misled or that his investigation was hampered in any manner.

"Whether the notice fails to meet the requirements of the statute must be determined by examining the purpose of the notice." *Ozmun* v. *Burns,* 18 Conn. App. 677, 680, 559 A.2d 1143 (1989). The majority's inter-

pretation of the statute is not in accordance with the purposes of the notice requirement. "This requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose was merely to furnish the commissioner with such information as would enable him to make a timely investigation of the facts upon which a claim for damages was being made." *LoRusso* v. *Hill,* 139 Conn. 554, 557, 95 A.2d 698 (1953). Surely, if that were the purpose, the statutory requirements should be satisfied whether the notice or a part thereof was furnished by the injured person or a third party as long as it was sufficient.

When a person is injured as a result of the commissioner's negligent maintenance of a highway, the public purse should be available to compensate that person for his or her injuries. In this case the plaintiff alleges that he sustained substantial facial injuries resulting in damage to the supraorbital nerve distribution, causing loss of sensation, numbness, and pain in the forehead and in the area of the left eye and permanent and disfiguring scarring of the forehead and left eyelid. The plaintiff, however, will not have his day in court, not because the state was misled or hindered or prejudiced in any manner, but because of the majority's anachronistic reading of the notice requirement in § 13a-144.