[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JUNE 12, 1996
The defendants', City of Torrington and Mahlon Sabo, motion to dismiss the plaintiff's action against them is granted, because the plaintiff's claims against these defendants are for injuries caused by a defective road, and the plaintiff has not given the statutorily required notice.
 a highway defect is "[a]ny object in, upon or near the travelled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of travelling thereon, or which, from its nature or position, would be likely to produce that CT Page 4816 result . . ." (citations omitted).
Samport v. Board of Police Commissioners, 219 Conn. 179, 202
(1991).
The plaintiff claims in the fourth, fifth and sixth counts that his injuries were caused by a row of evergreen trees at or near an intersection which obstructed the sightlines of motor vehicle operators, and by the lack of any traffic signs or controls at that intersection.
The lack of traffic signs or controls, if a defect, would obviously be a highway defect; so also would the row of evergreens be, because that condition would operate as a hazard only to travelers on the road and would not expose a person to danger independent of the highway. See Comba v. Ridgefield,177 Conn. 268, 270 (1979).
Inasmuch as the plaintiff failed to give the 90 days notice required by § 13a-149 of the Conn. Gen. Stat. for defective highway claims, no cause of action exists.
 The statutorily required notice is a condition precedent to maintaining a cause of action and if this requirement is not met, no cause of action exists.
Bresnan v. Frankel, 224 Conn. 23, 26 (1992).
A motion to dismiss is a proper way to assert the lack of notice. See Bresnan, supra. The plaintiff's action is barred as a matter of law because he failed to give the required statutory notice. See Markentin v. Burns, 223 Conn. 14, 16-17 (1992).
The plaintiffs attorney did not appear for oral argument on this motion; nor has a memorandum of law been filed on behalf of the plaintiff as required by Section 143 of the Conn. Practice Book.
WALSH, R. J. CT Page 4817