[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
A motion to dismiss has been filed by the defendant commissioner, under Practice Book § 143, raising two issues.
 I.
This action was brought under § 13a-144 against the Commissioner of Transportation. That statute contains notice provisions as to the time and location of any accident which must be complied with since § 13a-144 is in derogation of the common law; failure to so comply requires dismissal of the action. The claim is made that the notice was inadequate as to time and location. Ordinarily, the issue of notice is for the jury and not the court. However, in the first instance, the court must determine whether, as a matter of law, the notice given "patently meets or fails to meet the requirements of the statute." Bresnan v. Frankel, 224 Conn. 23, 28 (1992). This is more easily stated than applied, given the broad admonitions that the sufficiency of notice is tested with reference to the purpose for which it is required, Moffett v. Burns, 3 CSCR 636 (1988), aff'd 18 Conn. App. 821 (1989) and "the purpose of the notice requirement is to furnish the Commissioner with such precise information as to time and place as will enable (the Commissioner) to inquire into the facts of the case intelligently." Bresnan v. Frankel, 224 Conn. at page 26.
Here as to location, the notice stated the place of the accident was the exit 32 off-ramp of Route 8 North, Waterbury, Connecticut. The notice goes on to allege the presence of ice and snow and that because of the failure to remove or apply abrasive substances, the plaintiff's car ran into the Jersey barrier. In objecting to the motion to dismiss, the plaintiff submitted an affidavit which states that the exit ramp referred to is less than 2/10 of a mile long and the Jersey barrier CT Page 260 extends 1/10 of a mile from the beginning of the exit ramp.
In light of Lussier v. Department of Transportation,228 Conn. 343 (1994), this court cannot say as a matter of law the notice issue as to location must be decided in favor of the defendant. In that case, the notice stated the accident occurred on Route 617; the vehicle, after skidding on icy conditions, hit guard rails causing it "to flip over down an embankment coming to rest upside down in the Shunock River." Id. P. 353. The court found that the notice was not patently defective and ruled that, in light of the fact that a motion to dismiss was before the trial court, it was appropriate for a party to submit affidavits under Practice Book § 143 supplying facts not apparent on the face of the record. Id. pp. 357-358. The court had to rely on the affidavit submitted by a state trooper indicating Route 167 was only 3/10 of a mile long and the river where the car landed crosses Route 167 at only one place. That was sufficient notice to the court and the court distinguished the case before it from cases where notice as to location was found defective. For example, in Bresnan v. Frankel, supra, notice was deficient where the accident was alleged to have happened on a road that in fact was six miles long. In Schaap v. Meriden, 139 Conn. 254 (1952) notice was found to be defective where it said the accident happened near a manhole cover without reference to the many manhole covers in the area. Also see, Moffett v. Burns, supra, (location of accident Route 109, New Milford).
In Lussier it might be said that although the road on which the accident happened was noted to be 3/10 of a mile long, the location of the accident was more particularized because it could be deduced from the notice that it occurred where the Shunock River crossed the road. Not to be facetious, but how wide is the Shunock River — 50 feet, 100 feet, 300 feet? In light ofLussier, the court will not rule as a matter of law that the notice as to location was defective.
The defendant also claims the notice was defective as to time. The notice states that the accident occurred on December 9, 1996 and went on to say in what was apparently a scrivener's error that it happened at "approximately 1:52 p. m." on that date. In fact, the amended complaint alleges the accident happened at the correct time: 1:52 a.m. on December 9, 1996.
There are only two Connecticut cases dealing with this precise issue of appropriate notice as to time: Broadbent v.
CT Page 261State, 1995 Ct. Sup. 9016 (suit under § 13a-144) and Shapirov. Hartford, 4 Conn. App. 315 (1985). In both cases, the suits were dismissed. In Broadbent, the notice stated the accident happened on January 7, 1993 but the amended complaint gave what was apparently the correct date: December 31, 1992. The defect causing the injury was a piece of loose roadway that flew up through the windshield, causing severe injury to the plaintiff. In Shapiro, a bicyclist was injured on an allegedly defective highway. The actual date of the accident was June 16, 1979 but the statutory notice gave the date of June 9, 1979. Given the date involved, the court can assume ice or snow was not the causative factor but some physical condition of the highway.
If an actual physical highway defect is involved, it is understandable that a notice could be regarded defective as a matter of law if it is several days at variance with the true date of the accident. The purpose of notice is to allow the Commissioner to adequately protect his or her interests and intelligently inquire into the facts. Highway defects of this type can happen at any time and at any time of the year and, if the date given is several days off from the correct date, the Commissioner may be misled by the sources of information that would have to be contacted such as police and work crews — the condition can change at any time and arise at any time under circumstances that are not readily observable. Thus, the Commissioner must be given as precise information as possible so he or she has a fair chance or at least some chance to pinpoint the date the defect might have arisen.
The court has more difficulty in ruling as a matter of law that the Commissioner cannot intelligently investigate the facts where an icy condition is alleged to have caused the accident. The date is correct and a scrivener's error makes the notice as to time 24 hours off the actual time. The statute provides notice must be given within 90 days of the date of the accident. This is not the tundra. Snow and ice melt. It's a transient condition along the coastal northeast. There was no purpose to mislead here. What if the accident happened here at the end of March? Notice would not have to be given until the end of June. What would the snow and ice conditions be that the Commissioner would be investigating at that late date? If the notice is off by more than a day, say several days, that might present a different problem but that is not the case here. There is an interest in avoiding this state official from going off on investigative wild goose chases, but to intelligently investigate CT Page 262 the facts here, the Commissioner would get the weather station temperature and precipitation reports and work crew snow removal and abrasive dispersal schedules in any event. The fact that although the right date was given but the time within that date was incorrect should not require a finding of defective notice as a matter of law where snow and ice are involved and notice need not be given for 90 days in any event.
The court will not hold as a matter of law that the notice as to time was patently defective.
 II.
The defendant also moves to dismiss the second count claiming that it is a nuisance claim and that, in light of the dictates of sovereign immunity, the only valid action against the state for a defective highway must be made under § 13a-144. The plaintiff first argues that the proper vehicle to assert this claim is not a motion to dismiss but a motion to strike. The court agrees, so it will treat this motion as a motion to strike since briefs have been filed or, in the alternative, the court will act under Practice Book § 109 which, independently of any action by the parties, states that: "If any such pleading does not fully disclose the ground of claim or defense, the court may order a fuller or more particular statement."
It is established law that a cause of action against the highway commissioner is maintainable if at all only under §13a-144. A municipality may be liable for defective highways under a nuisance theory but not the state or its highway commissioner. Murphy v. Ives, 151 Conn. 259, 263 (1963); Kriedlerv. Cecio Brothers, Inc., 19 Conn. Sup. 477, 478 (1955);Connecticut Law of Torts, 3d. ed., Wright, Fitzgerald, Ankermann, § 90, page 275.
The amended complaint read in its entirely presents pleading problems. It lies in two counts, both directed at the Commissioner of Transportation.
The first count does not explicitly refer to § 13a-144
but, in the eighth count, it does allege that the plaintiff's injuries resulted from a "breach of statutory duty" by the defendant Commissioner. The plaintiff then alleges specific acts or failures to act which purport to establish the injuries were caused by the "neglect or default" (in statutory terms) of the CT Page 263 Commissioner. The allegations sound in negligence but are made pursuant to the statute. The second count in paragraph 8 sets forth allegations that sound in nuisance and are alleged thereby to constitute a claim under § 13a-144 of the General Statutes. The plaintiff sets forth certain factual allegations and claims these "constituted a nuisance under Connecticut General Statutes Section 13a-144."
If the plaintiff intends to make a nuisance claim as such, the second count is improper and legally insufficient. If, as she claims, she is only advancing a claim under § 13a-144, it appears to be duplicative of the first count which also relies on that statute. In other words, there is a single cause of action under § 13a-144 and for pleading purpose the situation is analogous to that presented by a products liability claim under § 52-572m, et seq., where in Hoboken Wood Flooring Corp. v.Torrington Supply Co., 42 Conn. Sup. 153, 157 (1991), the court said:
 "The legislature intended all product liability claims to constitute a single cause of action . . . and a complaint setting forth a single cause of action should be confined to a single count. . . . The fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint."
Here too, the plaintiff must plead a violation of §13a-144 in a single count. Separate counts may only be used to delineate separate causes of action. (See P.B. § 138). That does not preclude her from including in that count separate paragraphs that allege violation of the statute by acts or failures to act which otherwise would constitute separate theories of liability if asserted at common law or if they could be so asserted.
The court denies the defendant's motion to dismiss this action on the basis of defective statutory notice but does strike the second count. Since the motion in this regard is being treated as a motion to strike and/or the court is otherwise acting under Practice Book § 108, the plaintiff may of course plead over.
Corradino, J. CT Page 264