[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I
On July 30, 1997, the plaintiffs, Peabody, N.E., Inc. and Peabody International Corporation (Peabody), filed a three-count complaint against the defendant, the Connecticut Department of Transportation (state). The complaint alleges the following facts. On November 30, 1983, Peabody entered into a contract with the state for the reconstruction of Route 8 and the Commodore Hull Bridge over the Housatonic River from Shelton to Derby. Peabody subsequently entered into a subcontract with Standard Structural Steel Co. (Standard) for the supply and erection of structural steel and related items. During the course of the project, Standard's contractual obligations were severely altered as a result of various factors caused by the state. Consequently, Standard incurred additional costs which the state refused to pay in full. As a result of the state's failure to pay all of Standard's extra costs, Peabody was forced to pay approximately $3,100,000.00 to Standard's successor in interest, the Federal Deposit Insurance Corporation. Peabody initiated the present action pursuant to General Statutes § 4-61 to recover said amount from the state. The state now moves to dismiss Peabody's CT Page 6014 complaint on the ground that this court lacks subject matter jurisdiction.
 II
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases . . ." (Internal quotation marks omitted.) Bresnan v. Frankel,224 Conn. 23, 25, 615 A.2d 1040 (1992). "When the state waives that immunity by statute . . . a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed . . ." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody,N.E., Inc., 239 Conn. 93, 101-02, 680 A.2d 1321 (1996). "Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity." (Internal quotation marks omitted.) Id., 102. "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Antinerella v.Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994). "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Golenbock, 238 Conn. 183, 199 n. 13,680 A.2d 1243 (1996).
The state's motion is based in part upon the assertion that Peabody has failed to comply with the notice requirement contained in § 4-61 (a). That statute provides in pertinent part:
 Any person, firm or corporation which has entered into a contract with the state, acting through any of its departments, commissions or other agencies, for the design, construction, construction management, repair or alteration of any highway, bridge, building or other public works of the state or any political subdivision of the state may, in the event of any disputed claims under such contract or claims arising out of the awarding of a contract by the Commissioner of Public Works, bring an action against the state to the superior court for the judicial district of Hartford-New Britain for the purpose of having such claims determined, provided notice of each such CT Page 6015 claim under such contract and the factual bases for each such claim shall have been given in writing to the agency head of the department administering the contract within the period which commences with the execution of the contract or the authorized commencement of work on the contract project, whichever is earlier, and which ends two years after the acceptance of the work by the agency head evidenced by a certificate of acceptance issued to the contractor or two years after the termination of the contract, whichever is earlier.
There is apparently no appellate case law involving the interpretation of the notice provision of § 4-61(a). The Connecticut Supreme Court, however, has had the opportunity to construe a similar notice requirement contained in General Statutes § 13a-144. That statute provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner . . ."
The Supreme Court has stated that the notice requirement of § 13a-144 "is a condition precedent to maintaining a cause of action, and if this requirement is not met, no cause of action exists." Bresnan v. Frankel, supra, 224 Conn. 26. The court has emphasized that "injured parties, to meet the requirements of the statute, must either individually or through a representative, notify the commissioner that they have filed or intend to file a claim against the state for damages caused by a defective condition." Warkentinv. Burns, 223 Conn. 14, 18, 610 A.2d 1287 (1992). Moreover, "[i]nformation provided by third party sources to the commissioner, no matter how precise, cannot cure defects in the plaintiff's notice." (Citations omitted; internal quotation marks omitted.) Bresnan v.Frankel, supra, 224 Conn. 27.
The foregoing principles indicate that Peabody failed to provide the state with adequate notice. The complaint does not allege facts showing that the notice requirement of § 4-61
(a) has been satisfied by the plaintiff. Peabody's complaint CT Page 6016 makes the conclusory allegation that "Peabody gave voluminous written notice of the disputed claims to [the state] as required by C.G.S. § 4-61 before the expiration of two years from the time the Certificate of Acceptance was issued by [the state]." The evidence which Peabody has submitted, however, suggests otherwise. For example, the evidence reveals that Standard submitted a claim to Peabody seeking the recovery of added costs that allegedly resulted from the actions of Peabody and the state. (See Exhibits For Memorandum In Opposition To State's Motion To Dismiss, Ex. A, #1.) Although Peabody forwarded Standard's claim to the state, Peabody did not reveal its intention to file the present action in its accompanying letter. (See Exhibits For Memorandum In Opposition, Ex. A, #2.) In fact, Peabody's letter expressly informed the state that it did not endorse any part of the claim asserted by Standard. (See Exhibits For Memorandum In Opposition, Ex. A, #2.) None of the other documents submitted by Peabody demonstrate that it provided written notice of its intention to file the present action, and the factual bases for same, to the agency head of the Department of Transportation. It is therefore the conclusion of this court that Peabody failed to comply with the notice provision of §4-61 (a). See State Dept. of Transportation v. Chairman, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 572036 (October 16, 1997) (O'Neill, J.). Because this failure deprives the court of subject matter jurisdiction, the court need not address the other grounds for the state's motion. Accordingly, the state's motion to dismiss is granted.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT