[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 I. BACKGROUND
CT Page 14846
On September 10, 1998, the plaintiffs, Robert Carroll and Sarah E. Carroll, filed a third amended complaint against the defendant, James F. Sullivan, Commissioner of Transportation for the State of Connecticut. The complaint arises out of injuries that the plaintiff sustained when the bicycle upon which he was riding allegedly struck an elevated portion of pavement, causing the bicycle to flip and the plaintiff to fall to the ground.
The plaintiff alleges that on or about June 26, 1996, he was riding his bicycle on Poquonnock Road, which is located in Groton, Connecticut. Allegedly, portions of this road were under construction and/or repair on this date. While riding past the intersection of High Rock Road, the plaintiff alleges that his bicycle tire struck an elevated portion of the surface of Poquonnock Road, thereby causing his bicycle to flip, resulting in the plaintiff being thrown to the ground and thereby suffering serious personal injuries and losses. The plaintiff alleges that the defendant was, at that time, responsible for maintaining the highways and sidewalks situated in the State of Connecticut, including this area of Poquonnock Road, pursuant to the highway defect statute, General Statutes § 13a-144.
On April 21, 1999, the defendant filed a motion for summary judgment and a memorandum of law in support. An opposition to the motion for summary judgment was filed by the plaintiff on June 30, 1999, along with a memorandum of law in support. Additionally, the defendant filed a reply to the plaintiff's opposition to the motion for summary judgment on August 30, 1998.
 II. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
CT Page 14847 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Citations omitted; internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999).
As previously stated, the plaintiff alleges that he was injured when the bicycle upon which he was riding struck an elevated portion of the surface of Poquonnock Road, thereby causing his bicycle to flip, resulting in the plaintiff being thrown to the ground. The defendant moves for summary judgment on four grounds: (1) the allegations of negligence as listed in the third amended complaint cannot be considered, as they were not equally set forth in the notice of intent to sue pursuant to § 13a-144; (2) the notice fails to set forth a defect that caused the accident, it merely describes the condition; (3) the notice given was inadequate as it does not sufficiently describe the location of the accident; (4) there is no cause of action for a bicyclist under § 13a-144, as that statute pertains solely to motor vehicles and not bicycles.
Section 13a-144 provides, in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner." General Statutes § 13a-144.
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." CT Page 14848 (Internal quotation marks omitted.) Bresnan v. Frankel,224 Conn. 23, 25, 615 A.2d 1040 (1992). "[Section] 13a-144 created a new
cause of action not authorized at common law, in derogation of sovereign immunity. The notice requirement contained in §13a-144 is a condition precedent which, if not met, will prevent the destruction of sovereign immunity." Lussier v. Department ofTransportation, 228 Conn. 343, 354, 636 A.2d 808 (1994). As such, this section must be strictly construed. See Bresnan v. Frankel, supra, 25.
 A. Sufficiency of Causal Statement in Notice to Commissioner
The defendant first contends that the notice of intent to sue given to the commissioner fails to comply with the requirements of § 13a-144 in that it does not list "causes" of the alleged injuries to the plaintiff, but rather lists one "condition." The defendant further contends that the plaintiff lists several "causes" in the amended complaint which are not listed in the notice of intent to sue. As such, the defendant contends that they should not be considered by the court.
Section 13a-144 requires a plaintiff to provide the commissioner with "notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence. . . ." General Statutes §13a-144. "The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being made. . . . The purpose of the requirement of notice is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." (Citations omitted; emphasis omitted; internal quotation marks omitted) Lussier v.Department of Transportation, supra, 228 Conn. 354.
In the present case, the plaintiff provided the commissioner with the following information: "The Claimant, Robert Carroll was bicycling on Poquonnock Road, Groton, heading towards Long Hill Road. He had just passed the intersection of High Rock Road when suddenly his bicycle tire struck an elevated portion of Poquonnock Road causing the bicycle to flip. The area in question CT Page 14849 was under construction." Plaintiff's Exhibit A. The plaintiff clearly states that the cause of his fall was due to the condition of the road upon which he was traveling. The plaintiff further alleges that this particular portion of Poquonnock Road where the accident occurred was "about 30 yards past the intersection of High Rock Road heading towards Long Hill Road" and was elevated and under construction. Plaintiff's Exhibit A. This condition allegedly caused the plaintiff's bicycle to flip, causing the plaintiff to fall to the ground and sustain injuries. This court is satisfied that the plaintiff adequately stated the cause of the injury in his notice of intent to sue.
The defendant also contends that the plaintiff lists additional facts in his complaint which were not listed in the notice of intent to sue, and argues that these additional facts should not be given consideration. There is, however, no requirement in § 13a-144 that the notice of intent to sue must mirror the allegations as listed in the complaint filed with the court. In fact, § 13a-144 explicitly requires "notice of such injury and a general description of the same and of the cause thereof. . . ." This differs from the more stringent factual pleading requirements set forth by the Practice Book.[1] Moreover, the Connecticut Supreme Court has held that "[t]he notice need not be expressed with the fullness and exactness of a pleading. . . . [T]he notice must [merely] provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently." (Citation omitted; internal quotation marks omitted.) Lussier v. Departmentof Transportation, supra, 228 Conn. 356-57.
In the present case, the plaintiff clearly identified the cause, location and defect complained of in the statutory notice delivered to the commissioner. As a result of his bicycle tire striking an elevated portion of the road, the plaintiff's bicycle flipped over, which caused the plaintiff to fall to the ground. There is no requirement to include specific, detailed facts in the notice of intent to sue, as is required in a complaint. Moreover, it is reasonable to assume that after an initial investigation, additional facts may arise, allowing the plaintiff to state more specifically the cause of the accident. The complaint is a mechanism for amending such information. The innate purpose of notice is to provide the commissioner with adequate information such that he may begin to conduct an investigation sufficient to protect his interests. See id. Here, CT Page 14850 the notice of intent to sue identifies the direct cause of the plaintiff's injury as a as an elevated portion of the road upon which he was traveling. As such, summary judgment is denied on these grounds.
 B. The Notice Sufficiently States the Location of the Accident
The defendant next moves for summary judgment on the ground that the notice given was inadequate because it did not sufficiently describe the location of the accident. This court concludes that the plaintiff did sufficiently describe the location of the accident in his notice of intent to sue.
With regard to identifying the precise location of an accident in the notice of intent to sue, the general standard is one of "reasonable definiteness." See Lussier v. Department ofTransportation, supra, 228 Conn. 356. "The plaintiff is not required to be a cartographer in order to be able to describe adequately to the commissioner the location of the defect." Id., 358. "[I]n many cases exactness of statement as to place cannot be expected, for the excitement and disturbance caused by the accident . . . make it impossible to observe with any carefulness the place where the accident occur[red], and often the person injured is unable to revisit the places within the time allowed by the statute for the giving of notice. In such cases reasonable definiteness is all that can be expected or should be required." (Internal quotation marks omitted.) Id., 356.
"The sufficiency of the notice is tested with reference to the purpose for which it is required." Bresnan v. Frankel, supra,224 Conn. 26; see also Bassin v. Stamford, 26 Conn. App. 534,539, 602 A.2d 1044 (1992) ("the sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading"). "Notice is sufficient if it enables one of ordinary intelligence, using ordinary diligence under thecircumstances, to ascertain where the injury occurred." (Emphasis added; internal quotation marks omitted.) Bassin v. Stamford, supra, 539.
The Connecticut Appellate Courts have addressed the issue of adequate notice of location of injury on several occasions and concluded that a high degree of specificity is required with regard to claims pursuant to § 13a-144. For example, inBresnan v. Frankel, supra, 224 Conn. 24-25, the plaintiff sustained injuries as a result of a one car accident on Route 14A CT Page 14851 in Plainfield. In his notice to the commissioner of intent to sue pursuant to § 13a-144, the plaintiff identified the location of the accident merely as "Route 14A, Plainfield, Connecticut." Id., 25. The court determined that Route 14A was a road nearly six miles in length. As a result, the court affirmed the granting of the defendant's motion to dismiss, stating that this description was unduly imprecise and vague. See id., 26.
In Ozman v. Burns, 18 Conn. App. 677, 559 A.2d 1143 (1989), the plaintiff sought damages for injuries sustained in a fall from a bicycle allegedly caused by a defect in the road. In his notice of intent to sue pursuant to § 13a-144, the plaintiff identified the location of the accident "approximately 206 inchessouth of a telephone pole at the Ensign Bickford visitors' parking sign and approximately ten feet west of the easterly curb and approximately 200 inches north of a manhole cover in the highway and located in the travelled portion of the northbound
lane of the highway." (Emphasis added; internal quotation marks omitted.) Id., 679. Three years later, the plaintiff amended her complaint to refer to northerly points rather than southerly points, and easterly points instead of westerly points. The Appellate Court affirmed the granting of the defendant's motion to dismiss, stating that the description of the location was inadequate because the defendant was unable to easily determine the location of the accident, which is the ultimate purpose of the statutory notice requirement. See id., 680-81.
Most recently, in Lussier v. Department of Transportation, supra, 228 Conn. 357, the plaintiff administrator sought to recover damages for the wrongful death of the decedent, pursuant to § 13a-144. The notice of intent to sue provided: "On January 11, 1990, at approximately 7:40 a.m. Gaye D. Lussier was killed from injuries received in a one car accident that occurred on rte. 617 (Also known as rte. 49 access rd. in the town of North Stonington, CT.) . . . Operator Lussier lost control of her vehicle due to icy road conditions. Vehicle['s] bumper after striking the guard rails caused vehicle to flip over down an embankment coming to rest upside down in the Shunock River." Id., 353. The court determined that the notice was valid because "[t]he road in question is only three-tenths of one mile long. . . . [and] the river crosses route 617 at only one place." Id., 357. The court determined that the notice sufficiently identified the alleged location of the accident.
In the present matter, the plaintiff states in his notice to CT Page 14852 the commissioner: "The Claimant, Robert Caroll was bicycling on Poquonnock Road, Groton, heading towards Long Hill Road. He had just passed the intersection of High Rock Road when suddenly his bicycle tire struck an elevated portion of Poquonnock Road causing the bicycle to flip. The area in question was under construction." Plaintiffs Exhibit A. The plaintiff also states that the place of injury was "about 30 yards past the intersection of High Rock Road heading towards I Long Hill Road. Additionally, the plaintiff attached two photographs to aid the defendant in precisely identifying where the accident occurred. See Plaintiff's Exhibit A. Clearly this is sufficient information upon which the commissioner can conduct an investigation and gather information. A careful read of the plaintiff's description clearly identifies the location of the alleged injury. The plaintiff's notice, therefore, satisfies the requirement of "reasonable definiteness." Accordingly, summary judgment for the defendant is denied on this ground.
 C. Section 13a-144 Encompasses Bicyclists
Lastly, the defendant moves for summary judgment on the ground that § 13a-144 is inapplicable to bicyclists. The defendant's assertion that § 13a-153 precludes recovery under § 13a-144 of a bicyclist is simply incorrect. Section 13a-144, by its plain language, states that "[a]ny person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages. . . ." (Emphasis added.) General Statutes § 13a-144. The "duty of reasonable care extends to pedestrian travel as well as to vehicular traffic. . . ." (Internal quotation marks omitted.) Serrano v. Burns, supra, 248 Conn. 429; see also Baker v. Ives, 162 Conn. 295, 300, 294 A.2d 290 (1972) ("The state is not an insurer of the safety of travelers on the highways which it has a duty to repair. Thus, it is not bound to make the roads absolutely safe for travel. . . . Rather, the test is whether or not the state has exercised reasonable care to make and keep such roads in a reasonably safe condition for the reasonably prudent traveler. . . . This duty of reasonable care extends to pedestrian travel as well as to vehicular traffic").
Although this court is unaware of any decision where a plaintiff successfully maintained an action for damages pursuant to § 13a-144 for injuries sustained while riding a bicycle CT Page 14853 along the traveled portion of a highway, the Connecticut Supreme Court has recognized that such actions would be valid. See e.g.,Pack v. Burns, 212 Conn. 381, 562 A.2d 24 (1989) (reversing the lower court's granting of summary judgment for the defendant and permitting the plaintiff to maintain an action against the commissioner pursuant to § 13a-144 for injuries sustained as a result of an accident which occurred while plaintiff was riding a bicycle on the traveled portion of the highway); Ozmun v.Burns, supra, 18 Conn. App. 677, 559 A.2d 1143 (1989) (dismissing the plaintiff's claim of damages pursuant to § 13a-144 for lack of sufficient notice, where plaintiff was injured while riding a bicycle on the traveled portion of the highway);Cartwright v. Frankel, Superior Court, judicial district of Windham, Docket No. 048749 (March 19, 1996, Sferrazza, J.) (same).
Moreover, § 13a-153 applies solely to injuries sustained on bridle paths, pedestrian walkways and bicycle paths.[2] This section does not deal with injuries occurring to bicyclists or pedestrians when injured on a highway or sidewalk. Moreover, the plaintiff does not allege that he was riding his bicycle on a bridle path, bicycle path or pedestrian walkway. Section 13a-144
encompasses such claims, in fact, § 14-286a essentially suggests as much. Section 14-286a provides, in relevant part: "(a) Every person riding a bicycle, as defined by section 14-286, upon the traveled portion of a highway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of any vehicle subject to the requirements of the statutes relating to motor vehicles. . . . (b) Every person operating a bicycle solely by hand or foot power upon and along any sidewalk or across any roadway upon and along any crosswalk shall be granted all of the rights and shall be subject to all of the duties applicable to pedestrians walking in such areas. . . ." General Statutes § 14-286a (a) and (b). Neither §§ 13a-153 nor 14-286a prohibit a plaintiff from pursuing the right to maintain an action for damages allegedly caused by a defective condition encountered while biking on the traveled portion of a highway or on a sidewalk.
 III. CONCLUSION
The defendant has failed to demonstrate the absence of any genuine issue of material fact or that he is entitled to summary judgment as a matter of law. This court finds that the notice of intent to sue provided by the plaintiff to the commissioner is CT Page 14854 sufficient to withstand the defendant's motion for summary judgment. The notice provides sufficient information as to the cause of the injury, including a general description of the facts involved. Additionally, the notice adequately informs the commissioner of the location of the injury, such that the commissioner can successfully conduct an investigation of his own in an attempt to gather information and protect his interests. Lastly, this court find that the highway defect statute does apply to bicyclists using the highway or sidewalk for travel. Accordingly, the defendant's motion for summary judgment is denied on all grounds.
Martin, J.