[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 109)
The plaintiff, Maria Calder, alleges the following facts in the complaint. On March 26, 1997, the plaintiff Maria Calder was involved in a motor vehicle collision with a vehicle driven by Louis Ciaccio. The plaintiff alleges that the collision occurred because a traffic light maintained by the defendant, the commissioner of transportation, failed to work properly. The plaintiff alleges that she mailed a statutory notice of claim to the defendant on or about May 6, 1997. On April 5, 1999, the plaintiff filed a one-count complaint in which she asserts a cause of action against the defendant for negligence. As Exhibit A to her complaint, the plaintiff attached a letter from her attorney to the defendant dated March 26, 1997, entitled "Notice of Claim". The defendant filed a motion to dismiss the plaintiff's complaint with supporting memorandum on January 18, 2000, and an amended motion to dismiss and supporting memorandum (Defendant's Memorandum) on October 6, 2000. The defendant asserts in the amended motion that plaintiff's action is barred by the doctrine of sovereign immunity. The court heard oral argument on the motion on November 6, 2000.
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacciv. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong. Lauer v.Zoning Commission, 220 Conn. 455, 460, 600 A.2d 310 (1991). The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Federal Deposit Ins.Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996).
In ruling on whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998). And, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint.Shay v. Rossi, 253 Conn. 134, 140, 749 A.2d 1147 (2000).
In the present case the defendant moves to dismiss the complaint on the grounds that the plaintiff's action is barred by the doctrine of sovereign immunity because the defendant did not receive notice of the plaintiff's claim within the ninety days of the date of the accident as required by General Statutes § 13a-144. In the alternative, the defendant argues that if the court finds that the plaintiff's notice was timely, the complaint should be dismissed because the notice fails to CT Page 5643 properly specify the location of the accident and fails to set forth a general description of the injuries incurred by the plaintiff. In opposition, the plaintiff contends that her notice of claim provided the defendant with sufficient information as to the location of the accident and the plaintiff's injuries. The plaintiff does not address the defendant's argument regarding the timeliness of the notice in her memorandum. At oral argument, however, the plaintiff asserted that she complied with the statute by mailing the notice to the defendant on May 6, 1997.
Generally, the state is immune from suit unless it consents to be sued by appropriate leaislation waiving sovereign immunity in certain proscribed cases. Bresnan v. Frankel, 224 Conn. 23, 25-26, 615 A.2d 1040
(1992). However, when the state waives sovereignty immunity, a party attempting to sue under the legislative exception must come clearly within its provisions, because statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. Babes v.Bennett, 247 Conn. 256, 262, 721 A.2d 511 (1998). Where there is any doubt about the meaning or intent of a statute in derogation of sovereign immunity, it is given the effect which makes the least rather than the most change in sovereign immunity. Section 13a-144 creates a legislative exception to this common law rule and therefore must be strictly construed. Bresnan v. Frankel, supra, 224 Conn. 26. The notice, as required by § 13a-144, is a condition precedent to maintaining a cause of action. If this requirement is not met, no cause of action exists. Id. Section 13a-144 states, in pertiment part:
 Any person injured in person or property through the neglect or default of the state or any its employees by means of any defective highway . . . which is the duty of the Commissioner of Transportation to keep in repair. may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner.
In support of the defendant's contention that the plaintiff's notice was untimely, it submits the affidavit of Debra Ello, one of its employees, and the plaintiff's responses to the defendant's supplemental discovery requests. In her affidavit, Ello attests that neither the commissioner of transportation or the department of transportation received the plaintiff's notice of claim until March 26, 1999, when they CT Page 5644 received it as an attachment to the plaintiff's complaint. (Defendant's Memorandum Exhibit A, ¶ 3.) In her responses to the defendant's supplemental interrogatories, the plaintiff stated that she mailed her notice of claim to the defendant on or about May 6, 1997, by regular mail and not by certified mail, return receipt requested. (Defendant's Memorandum, Exhibit B, ¶¶ 1, 4, 5.) She also stated that she does not know when the defendant received the notice and that she does not have any documents evidencing the defendant's receipt of it. (Id., ¶¶ 2, 7.)
Under these circumstances, the question of whether the plaintiff's notice of claim is timely is dependent on whether the requirement in § 13a-144 that notice must be "given" to the defendant within the ninety days of the date of injury means that the defendant must receive the notice within ninety days or that the plaintiff must mail it within that time. The Connecticut Supreme Court has interpreted the requirement that notice "shall have been given" within the meaning of the predecessor statute to § 13a-144. The Supreme Court held that such notice shall be delivered to the commissioner within the prescribed period specified in the statute. Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 238,56 A.2d 519 (1947).[1] "Rapid Motor Lines, Inc. [v. Cox], therefore, stands for the rule that giving a letter to the Postal Service on the last day on which notice may be given does not fulfill the requirements of the statute if it is not delivered within the time prescribed." (Emphasis in the original) Brennan v. Fairfield, 58 Conn. App. 191,201-02, 753 A.2d 396 (2000), cert. granted in part, 254 Conn. 903,755 A.2d 217 (2000).
In this case, the defendant presented undisputed evidence that the plaintiff failed to deliver her notice of claim to it within ninety days of the date of injury. Therefore, the plaintiff failed to comply with the time limit of § 13a-144. Accordingly, the court is constrained to grant the defendant's motion to dismiss. Inasmuch as this ruling is dispositive of the matter at hand, it is unnecessary for the court to consider the other grounds raised by the defendant's motion.
 CONCLUSION
For the reasons herein expressed, defendant's motion is hereby granted.
MELVILLE, J.