[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10488
The plaintiff, Ann Harker, commenced this action against the defendants, the State of Connecticut and the Connecticut Department of Transportation, by way of a complaint dated September 2, 1999. The complaint alleges that on September 5, 1997, the plaintiff was injured when she fell at the "Welcome Center," a state owned premises located on Interstate 84 in Danbury, Connecticut. The defendants now move to dismiss the plaintiffs action on the ground that the court lacks subject matter jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Johnson v. Dept. ofPublic Health, 48 Conn. App. 102, 107, 710 A.2d 176 (1998). "[A] claim that this court lacks subject matter jurisdiction [may be raised] at any time." Dowling v. Slotnik, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Brackets omitted; internal quotation marks omitted.) Figueroa v. C And S BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996).
The defendants argue that the plaintiff's claim should be dismissed because it is barred by the doctrine of sovereign immunity. They assert that the plaintiff failed to give the required statutory notice under General Statutes § 13a-144 by failing to adequately specify the cause of her injuries, and by failing to set forth with reasonable definitiveness the nature of the injuries sustained. The defendants argue that because the plaintiff failed to meet the statutory requirements, which is a condition precedent to a suit against the state, the court does not have subject matter jurisdiction. The plaintiff contends that the notice complied with all the requirements of § 13a-144 because a general description of the cause of her injuries and of the nature of the injuries sustained was provided. CT Page 10489
General Statutes § 13a-144, which provides recovery for injuries sustained on defective state highways, provides in relevant part: "No such action shall be brought except within two years from the date of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner."
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." (Internal quotation marks omitted.) White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). General Statutes 13a-144 created a cause of action "wholly unauthorized by the common law." Wethersfield v. National Fire Ins. Co., 145 Conn. 368,371, 143 A.2d 454 (1958). A cause of action which is purely statutory, such as that created by General Statutes 13a-144, must be strictly construed. Id. The statutorily required notice is a condition precedent to bringing an action under the statute, and if the requirement is not met, no cause of action arises. Bresnan v. Frankel, 224 Conn. 23, 26,615 A.2d 1040 (1992).
Ordinarily, the question of the adequacy of notice "is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case." Moricov. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947). "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Internal quotation marks omitted.) Bresnan v. Frankel, supra, 224 Conn. 28.
The sufficiency of notice is tested with reference to the purpose for which it is required. Moffett v. Burns, 3 CSCR 636 (July 12, 1988,Pickett, J.), aff'd, 18 Conn. App. 821, 559 A.2d 1190, cert. denied,212 Conn. 806, 561 A.2d 947 (1989). "The purpose of the notice requirement is to furnish the commissioner with such precise information as to time and place as will enable [the commissioner] to inquire into the facts of the case intelligently." (Citations omitted; internal quotation marks omitted.) Bresnan v. Frankel, supra, 224 Conn. 26.
The notice given by the plaintiff states that "[u]pon exiting her vehicle in the upper level parking lot, Mrs. Harker proceeded to walk in a northerly direction towards the information and rest area center building which is located on the lower level. As Mrs. Harker was walking towards the asphalt walkway which leads to the information and rest area center building, she was caused to trip and fall on an unmarked bituminous lip curb." In her deposition testimony, however, the plaintiff stated that she did not trip over the curb, but, rather, she was injured CT Page 10490 when she was walking back to the parking lot from the walkway and fell after stepping off the walkway. She further stated that she fell because the parking lot was the same color as the curb and walkway and thus she did not recognize that the parking lot was lower than the walkway.
The court finds that the notice given to the defendants fails to satisfy the requirements of § 13a-144. The notice misidentifies the cause of the accident complained of. As such, the defendants, upon investigation of the accident, would unreasonably be forced to work under the assumption that the plaintiff tripped while walking up the curb. SeeOzmun v. Burns, 18 Conn. App. 677, 680-81, 559 A.2d 1143 (1989). Thus, the notice is inadequate and the court lacks subject matter jurisdiction over the action. See Bresnan v. Frankel, Accordingly, the defendants' motion to
Hiller, J.