[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Jean Smigala, commenced this action against the defendant, the town of Brookfield, by way of a complaint dated January 5, 2001. The plaintiff alleges that she was caused to fall on a defective road condition on Brookfield Meadow in Brookfield. The defendant has moved to dismiss the plaintiffs action on the ground that the court lacks subject matter jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Johnson v.Dept. of Public Health, 48 Conn. App. 102, 107, 710 A.2d 176 (1998). "[A] claim that this court lacks subject matter jurisdiction [may be raised] at any time." Dowling v. Slotnik, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Brackets omitted; internal quotation marks omitted.) Figueroa v. C And S BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996).
The defendant argues that the court lacks subject matter jurisdiction because the plaintiff failed to provide proper notice to the defendant of her injuries as is required under General Statutes § 13a-149.[1]
Specifically, the defendant asserts that the plaintiff failed to provide the defendant a notice with a whole and adequate description of the CT Page 10535 injuries she allegedly sustained from the fall.
The statutorily required notice is a condition precedent to bringing an action under the statute, and if the requirement is not met, no cause of action arises. Bresnan v. Frankel, 224 Conn. 23, 26, 615 A.2d 1040
(1992). Ordinarily, the question of the adequacy of notice "is one for the jury and not for the court, and the cases make clear that this question must be determined on that basis of the facts of the particular case." Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947). "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Internal quotation marks omitted.) Bresnan v. Frankel, supra, 224 Conn. 28. A plaintiff bringing suit against a municipality under § 13a-149 must include the following five essential elements in the notice to the defendant: (1) a written notice; (2) a general description of the injury; (3) the cause of the injury; (4) the time and date of the injury; and (5) the place of the occurrence of the accident. Pratt v. Old Saybrook, 225 Conn. 177, 180,621 A.2d 1322 (1993).
The plaintiff stated simply in her notice to the defendant that she "was caused to sustain serious injuries" and that she was caused to and will suffer great pain, anguish and permanent injuries. The court finds that the notice of the plaintiffs injury provided to the defendant is wholly inadequate. It fails to provide any specific description of the injuries as required by § 13a-149. Notwithstanding, the plaintiff argues that the savings clause of § 13a-149 redeems her claim against the defendant. The court disagrees with this argument. The savings clause cannot be relied upon where there is a complete lack of description of the injuries sustained. Martin v. Plainville, 240 Conn. 105, 109-10,689 A.2d 1125 (1997).
Accordingly, the defendant's motion to
 _____________ HILLER, JUDGE